Commonwealth ex rel. Salerno, Appellant, *v.* Banmiller.

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Paul N. Gardner,* for appellant.

*Charles L. Durham,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from the order of the court below dismissing a petition for a writ of habeas corpus brought by a prisoner seeking his release.

The relevant facts are as follows: The petitioner, James F. Salerno, was sentenced in Philadelphia to a term of 1 to 3 years, effective April 9, 1954. He was received in the Eastern Correctional Diagnostic and Classification Center and from there transferred to the State Penitentiary at Graterford, from which he was released on parole, April 9, 1955. For an offense committed while on parole, he was sentenced June 15, 1956, to the Eastern Correctional Diagnostic and Classification Center to serve a term of 1 to 4 years. He was received in the center the same day and transferred to the State Penitentiary at Graterford September 9, 1956. When he was returned to prison, the Board of Parole and the prison authorities listed him as serving the term of 1 to 4 years to which he was sentenced while on parole. May 2, 1958, he was paroled from this sentence in order to commence serving his

"back time" as a parole violator on the original sentence of 1 to 3 years.

The petitioner has detainers filed against him for other offenses. The legality of these detainers has not been questioned by him in this proceeding.

The petitioner's basic contention is, in effect, that he should have been required to serve his back time as a parole violator before starting his second sentence, and since he was not required to do so, he cannot be required to serve any time as a parole violator.

The petitioner argues that section 21.1 added to the Act of August 6, 1941, P.L. 861, by the Act of August 24, 1951, P.L. 1401, 61 PS §331.21a, provided at the time of his recommitment that "If a new sentence is imposed upon him to be served in the same institution from which paroled, then the service of the balance of said term originally imposed shall precede the commencement of the new term imposed for the latter crime." The section further provides: "If a new sentence is imposed upon him to be served in any institution other than the one from which paroled, then the service of the new term for the latter crime shall precede the commencement of the balance of the term originally imposed."

When the Act of 1951 was passed, the penal institution at Graterford was a part of the Eastern State Penitentiary and the institution at Rockview was a part of the Western State Penitentiary.

By the Acts of July 29, 1953, P.L. 1424, P.L. 1427, P.L. 1428, P.L. 1433, P.L. 1435, and others, the Commonwealth's penal system was reorganized. The penal institution at Graterford was made a separate institution termed the State Penitentiary at Graterford. Sentences from the eastern part of the State, formerly made to the Eastern State Penitentiary, were thereafter made to the Eastern Correctional Diagnostic and Classification Center from where the prisoners after study

are sent to one of the State penal institutions. The question then arose whether a prisoner paroled from the Graterford institution when it was a part of the Eastern State Penitentiary and then sentenced after the passage of the above acts for a new term to the center was, under the above Act of 1951, sentenced to the "same institution from which paroled." The Board of Parole, upon the advice of the Attorney General, concluded that one so sentenced was not sentenced to the same institution. When the identical question was raised in relation to the State Penitentiary at Rockview the Court of Common Pleas of Dauphin County in a mandamus action decided in cases unappealed from, that the interpretation made by the board was correct.[1] *Com. ex rel. Jackson v. Cavell,* 70 Dauphin 185 (1957) ; *Com. ex rel. Prodonovich v. Johnston,* 70 Dauphin 241 (1957).

We are not convinced that the interpretation made by the Board of Parole and the Court of Common Pleas of Dauphin County is erroneous, but we need not decide whether it is or not as the petitioner would not be entitled to a writ of habeas corpus, even if his interpretation of section 21.1, supra, is correct.

If the petitioner is legally detained in prison, he is not entitled to a writ of habeas corpus. Before he is entitled to the writ, he must show he has a right to be discharged or bailed. *Passmore Williamson's Case,* 26 Pa. 9 (1855) ; *Com. ex rel. Biglow v. Ashe,* 348 Pa. 409, 410, 35 A. 2d 340 (1944) ; *Com. ex rel. Stauffer v. Ashe,* 141 Pa. Superior Ct. 407, 15 A. 2d 409 (1940).

The petitioner does not allege or argue that he has a right to be discharged or bailed as long as the detainers are filed against him.

---

[1] The aforesaid section 21.1 was amended by the Act of June 28, 1957, P.L. 429, clarifying and changing the provision relating to the order in which such sentences are to be served.

Furthermore, sentences are for the maximum term. Any parole prior to the maximum is not a matter of right, but a matter of grace. It is within the discretion of the Board of Parole to either grant or refuse a parole. *Com. ex rel. Lynch v. Ashe,* 320 Pa. 341, 182 A. 229 (1936); *Com. ex rel. Davidson v. Maroney,* 177 Pa. Superior Ct. 82, 85, 110 A. 2d 822 (1955).

As a matter of practice, paroles are conditioned by the board on such matters as where and with whom the parolee is to live, what employment he is to have, and with whom he is to associate. Here the prisoner was paroled, not to be released from prison, but to begin serving another term. If he were not required to serve any time on that term, the board would be justified, if not required, to review the parole and to keep him in prison at least until he had a satisfactory parole plan such as the board requires of other prisoners prior to their release on parole.

In granting the parole, the board undoubtedly took into consideration the fact that the prisoner would be required to serve additional time in the penitentiary. It might well conclude that the prisoner was entitled to be paroled to start serving another sentence but was not entitled to be paroled from prison. Even ignoring the back time, the Board of Parole can keep the petitioner in prison under the second sentence until the expiration of the maximum, which under the facts before us would be 4 years from June 15, 1956 or June 15, 1960. He would not be entitled to a writ of habeas corpus as long as the Board of Parole has a legal right to keep him in prison.

Under section 10 of the Act of June 19, 1911, P.L. 1055, 61 PS §305, the rule was that *"if any sentence is imposed* for the crime committed while the convict was on parole, it shall not begin to run until after the remainder of the term of the sentence originally

imposed has been served, *without commutation.*" *Com. ex rel. Stauffer v. Ashe,* supra, 141 Pa. Superior Ct. 407, 408, 15 A. 2d 409 (1940). This was a harsh rule, and the Board of Parole under the broad powers given it by the Act of August 6, 1941, P.L. 861 as amended, creating a uniform system for the administration of parole, has exercised without question the right to parole prisoners while serving their "back time." See sections 17 and 21.1, 61 PS §331.17 and §331.21a.

Under the law the petitioner could not have been serving his "back time" and his most recent sentence concurrently, for as stated by President Judge RHODES in *Com. ex rel. Dion v. Martin,* 183 Pa. Superior Ct. 310, 315, 131 A. 2d 150 (1957), "In no event did the Legislature intend that the sentences be served concurrently." See also *Com. ex rel. Sweeney v. Keenan,* 168 Pa. Superior Ct. 137, 139, 78 A. 2d 33 (1951); *Com. ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385 (1952).

It has been the intent of the legislature, consistently expressed since 1911 and uniformly recognized by the courts, that a parolee, when sentenced for a crime committed while on parole, shall be required to serve the balance of time remaining on his first sentence (subject, however, since 1941 to reparole by the board). This legislative intent, so basic and vital to our parole system, cannot be defeated even by the intent of a sentencing judge. *Com. ex rel. Harmon v. Burke,* supra, 171 Pa. Superior Ct. 547, 554, 91 A. 2d 385 (1952). Certainly an error of the Board of Parole and the prison authorities in determining which term the legislature intended the prisoner to serve first will not defeat the intent of the legislature that the prisoner should serve back time.

Even if the petitioner is correct in his interpretation of the statute providing for the order in which he

is required by law to serve his two sentences, he would not be entitled to discharge, but only to an order of court directing the prison authorities and Board of Parole to correct their errors. See *Com. ex rel. Westwood v. Gackenbach*, 169 Pa. Superior Ct. 637, 641, 84 A. 2d 380 (1951) ; *Com. ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 33, 20 A. 2d 881 (1941) ; *Com. ex rel. Sweeney v. Keenan*, 168 Pa. Superior Ct. 137, 139, 140, 78 A. 2d 33 (1951) ; *Com. ex rel. Harmon v. Burke*, supra; *Com. ex rel. O'Leary v. Ashe*, 152 Pa. Superior Ct. 322, 324, 32 A. 2d 36 (1943).

Furthermore, if the board has made a mistake in determining the order in which the two sentences were to be served, and we do not think it did, the question cannot properly be raised in this case by a writ of habeas corpus originating in Philadelphia, but should be raised by a writ of mandamus originating in the Court of Common Pleas of Dauphin County. *Com. ex rel. Balles v. Pa. Board of Parole*, 61 Dauphin 361 (1951) ; *Com. ex rel. Brown v. Pa. Board of Parole*, 61 Dauphin 365 (1951).

For these reasons the writ of habeas corpus cannot issue, and the court below correctly dismissed the petition.

Order affirmed.

RHODES, P. J., and WRIGHT, J., concur in the result.