## Commonwealth ex rel. O'Neill, Appellant, *v.* Banmiller.

Argued December 16, 1958. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*Joseph Patrick Gorham,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Juanita Kidd Stout,* Assistant District Attorney, *James N. Lafferty,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from the order of the court below dismissing a petition for a writ of habeas corpus brought by a prisoner seeking his release.

The prisoner, Bernard O'Neill, was sentenced in Philadelphia to the Eastern State Penitentiary for a

term of 2 to 4 years effective January 25, 1952. He was paroled January 25, 1954, from the State Penitentiary at Graterford.

He was arrested August 18, 1955, for an offense committed while on parole, and was sentenced on December 21, 1955, in Philadelphia, to the Eastern Correctional Diagnostic and Classification Center for a term of 2 to 4 years, to be computed from August 18, 1955. He was subsequently sent by the prison authorities to the State Penitentiary at Graterford.

The Board of Parole applied the time he started serving in 1955 to the last sentence, and not to time due on the original sentence. The board did this upon the assumption that the prisoner was not sentenced "to the same institution from which paroled." See Act of August 24, 1951, P.L. 1401, adding section 21.1 to the Act of August 6, 1941, P.L. 861, 61 PS §331.21a. If the new sentence imposed upon the prisoner was to be served in the same institution from which paroled, section 21.1, supra, required at the time he was returned as a parole violator, that the service of the time on the original sentence should be served first.

On August 30, 1958, the petitioner was paroled from his last sentence to start serving as a parole violator on his first sentence.

The petitioner contends he should have been committed as a parole violator, and that the time served immediately after the last sentence should have been applied to his "back time" on the first sentence, and not to the second sentence.

As the petitioner is now serving time on the first sentence as a parole violator, the board could release him on parole at any time. Strange as it may seem, he would prefer to be under sentence at this time from which he would not be eligible for parole by the Board

of Parole, because he is of the opinion he would have a better chance of having the Board of Pardons grant him a commutation. (Although the Governor upon recommendation by the Board of Pardons could direct his release at any time under any circumstances, the Board of Pardons is less inclined to grant a release when the Board of Parole has authority to release the applicant on parole at the time the Board of Pardons is considering the case.)

This case is governed by *Com. ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 149 A. 2d 501, and it is not necessary to repeat here what was there said.

We have not been convinced that the interpretation placed by the Board of Parole on section 21.1 of the Act of 1951, supra, is erroneous. If it were, it could be corrected at any time by a writ of mandamus, but not by a writ of habeas corpus, which at this time in the present case would be premature.

Order affirmed.

RHODES, P. J., and WRIGHT, J., concur in the result.