# Commonwealth ex rel. Miller, Appellant, *v.* Myers.

164

Submitted December 10, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles B. Miller,* appellant, in propria persona.

*Peter F. Cianci,* Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

This is an appeal from an order of the Court of Common Pleas of Berks County dismissing a petition for a writ of habeas corpus brought by a prisoner to secure his release.

The petitioner was sentenced five times in less than six years by the same judge in Berks County. January 8, 1952, petitioner was sentenced to a term of 4 to 23 months; June 30, 1952, he was paroled. October 18, 1952, he was arrested, and March 5, 1952, sentenced to a term of 2 to 5 years to begin at the expiration of his prior sentence. April 6, 1956, he was paroled on the 2 to 5 year sentence with 32 months remaining to be served. August 13, 1956, petitioner was again ar-. rested and on September 13, 1956, was sentenced to a term of 1½ to 3 years, to begin at the expiration of his 2 to 5 year sentence. All the above sentences were to the Berks County Jail.

June 10, 1957, he "walked away," (to use the language of the petitioner) from the jail, was returned the same day and on September 5, 1957, was sentenced for prison breach to the Eastern Correctional Diagnostic and Classification Center for a term of 1½ to 3 years. The same day the prisoner escaped from custody in the Berks County Court House. Five days later he was captured in New York, and on November 7, 1957, was sentenced to the Eastern Correctional Diagnostic and Classification Center for another term of 1½ to 3 years.

At the time of the last sentencing the judge directed that all petitioner's sentences of imprisonment should be served consecutively in the penitentiary in the order in which the unserved sentences were imposed.

The sentencing judge apparently concluded that by virtue of the Act of June 24, 1939, P. L. 872, §309, as amended by the Act of July 29, 1953, P. L. 1445, 18

PS §4309, he had the authority, not only to direct that the back time on the county prison sentences be served in the penitentiary, but also that he had the authority to designate the order in which the sentences were to be served.

When the petitioner entered the Eastern Correctional Diagnostic and Classification Center (the penitentiary) the Pennsylvania Board of Parole concluded that section 21.1 added to the Act of August 6, 1941, P. L. 861 by the Act of August 24, 1951, P. L. 1401 and amended by the Act of June 28, 1957, P. L. 429, 61 PS §331.21a,[1] governed the order in which the sentences were to be served, and that this section required the prisoner to serve his penitentiary sentences for prison breach prior to the commencement of the balance of his sentences originally imposed to the Berks County Prison. The board and the prison authorities thereupon entered him as serving his penitentiary sentences for prison breach first, to be followed by "back time" for parole violation.

The petitioner argued in the court below and here that his sentence was "changed contrary to law by a non-judicial body lacking authority to do so," and that, therefore, he should be discharged. The order in which the sentences are to be served is determined by statute, and cannot be changed by the sentencing judge. *Commonwealth ex rel. Westwood v. Gackenbach*, 169 Pa. Superior Ct. 637, 640, 84 A. 2d 380 (1951); *Commonwealth v. Conrey*, 184 Pa. Superior Ct. 575, 578, 135 A. A. 2d 810 (1957). The duty, therefore, is imposed upon the Pennsylvania Board of Parole to require the

---

[1] Although the amendment of 1957 did not change the law as it would relate to the petitioner, it is not an ex post facto law as he contends, and would be applicable to his case. See *Commonwealth ex rel. Davidson v. Maroney*, 177 Pa. Superior Ct. 82, 110 A. 2d 822 (1955).

prisoner to serve his sentences in the order in which the statutes require them to be served.

Even if the appellant is correct in his contention that his former jail sentences should be served before his last two penitentiary sentences, he would not be entitled to a discharge, but only to have the record corrected. The proper way to correct the record would be by a writ of mandamus and not a writ of habeas corpus. See *Commonwealth ex rel. Tobin v. Cavell*, 183 Pa. Superior Ct. 365, 132 A. 2d 362 (1957), and *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 149 A. 2d 501, and the cases there cited.

There is no question that the petitioner is legally imprisoned in a State penal institution, and can legally be detained in such institution for some years regardless of the order in which he serves his sentences. The petition for a writ of habeas corpus was properly dismissed.[2]

Order affirmed.

---

[2] We learned unofficially that the Board of Parole, after the order of the court below was made in this habeas corpus case and without knowledge of this appeal, changed its entry on the petitioner's imprisonment, and entered him as a parole violator. Thus the board and prison authority records at this time show the petitioner now serving one of his sentences originally made to the county prison. His prison breach sentences will follow the completion of his "back time," or his parole therefrom. The order of service thus required by the board is contrary to the usual order required by it of prisoners sentenced under similar circumstances. As a result of the change made by the board the prisoner is now being required to serve the sentences in the order in which he and the sentencing court both contend they should be served. We see no reason for us to question the order in which the prisoner's sentences are to be served, when the question is not properly before us, and the board has interpreted the law according to the contention of both the prisoner and the sentencing court.