Commonwealth ex rel. Trevethan, Appellant, *v.* Myers.

Submitted March 19, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Sidney Trevethan*, appellant, in propria persona.

*Jules Bell*, Assistant District Attorney, and *Bernard E. DiJoseph*, District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 10, 1959:

This is an appeal from the refusal of the Court of Common Pleas of Montgomery County to grant a writ of habeas corpus to a prisoner in a State penal institution.

The prisoner was sentenced in Montgomery County on March 6, 1954, to a term of 2 to 5 years, and committed to the Eastern Classification and Diagnostic Center. From there he was transferred by the prison authorities to the State Penitentiary at Rockview, and after serving 26 months of his sentence was paroled from that institution.

While on parole, he committed another offense for which he was sentenced in Montgomery County on February 15, 1957, to serve one to two years "to commence and be computed from the expiration of any time served for violation of parole." He was committed to the Eastern Classification and Diagnostic Center and transferred by the prison authorities from there to the State Penitentiary at Graterford where he is now imprisoned.

Because the prisoner was paroled from Rockview and sentenced to the Eastern Center, the Board of Parole and the prison authorities, believing that they were required to do so under section 21.1(a) of the Parole Act of 1941, added thereto by section 5 of the

Act of August 24, 1951, P. L. 1401,[1] entered the petitioner on his last sentence. See *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 149 A. 2d 501 (1959).

After serving a year of this sentence, the prisoner petitioned the Board of Parole for a parole to start serving his back time. The board refused the petition and required him to serve the two years maximum sentence last imposed. Having served this, the petitioner is now serving his "back time" on the five year sentence. Therefore, the Board of Parole now has the legal right to release him from the penitentiary on parole at its discretion. After the sentence was imposed on the petitioner for the last offense, he had 34 months back time[2] and 2 years maximum on the new sentence, or a total minimum of 1 year and a total maximum of 4 years 10 months. Computed from February 1957 his maximum sentence will not expire until the latter part of 1961. Until that time the petitioner is legally detained in prison and is not entitled to a writ of habeas corpus. *Commonwealth ex rel. Biglow v. Ashe*, 348 Pa. 409, 410, 35 A. 2d 340 (1944); *Commonwealth ex rel. Salerno v. Banmiller*, supra, 189 Pa. Superior Ct. 156, 149 A. 2d 501 (1959).

Had the Board of Parole entered the prisoner to serve his back time first, as he suggests it should have, he would now still be serving on the five year sentence, unless the board would have paroled him to start serving on his last sentence. Thus he would have ahead of him, instead of behind him, the one year minimum

---

[1] This section was further amended by the Act of June 28, 1957, P. L. 429, 61 PS §331.21a, but the amendment is not applicable to this case as it was not in effect when the petitioner was returned to prison.

[2] See *Commonwealth ex rel. Dixon v. Johnston*, 188 Pa. Superior Ct. 595, 149 A. 2d 473 (1959).

term of the last sentence during which time the Board of Parole would have no power to parole him even if he could persuade it of the advisability of doing so.

In other words, if there was a mistake in the order in which the petitioner is being required to serve his sentences, the mistake benefits him rather than harms him. He is, however, entitled to serve his sentences in the order which the law requires, even if the correct order should be to his detriment.

Regardless of the order in which his sentences are being served or should be served, the petitioner is not now entitled to be released upon a writ of habeas corpus, and thus the matter of the correct order of serving his sentences is not before us.

The correct order of serving the sentences in this case can be determined through a writ of mandamus brought against the Board of Parole in the Dauphin County Courts, but not by a writ of habeas corpus brought against the warden of the penitentiary in the Montgomery County Courts. *Commonwealth ex rel. Salerno v. Banmiller,* supra.

Order affirmed.