## Commonwealth ex rel. Smith, Appellant, *v.* Hendrick.

Submitted September 11, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*James I. Smith,* appellant, in propria persona.

*Clarence C. Newcomer,* Assistant District Attorney, and *Alfred C. Alspach,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 16, 1961:

On February 25, 1954, defendant-petitioner pleaded guilty to a charge of armed robbery and was sentenced by the Court of Quarter Sessions of Philadelphia County to serve a term of not less than one and one-half years nor more than ten years in the Philadelphia

County Prison. Defendant was paroled on July 8, 1955, after serving a minimum sentence. While on parole defendant pleaded guilty to a charge of burglary and larceny, and was sentenced by the Court of Quarter Sessions of Lancaster County to the State Correctional Institution at Philadelphia for a term of not less than one year nor more than two years, effective on April 23, 1959. The Board of Parole directed the defendant to serve his Lancaster County sentence before his parole violation sentence. On September 2, 1959, defendant was transferred to the State Correctional Institution at Graterford, and was there paroled from his Lancaster County sentence on April 23, 1960, the minimum term having expired. On that date defendant was returned to the Philadelphia County Prison, from which he was originally paroled, to serve on the prior sentence.

On February 25, 1961, defendant filed a petition for a writ of habeas corpus in the Court of Common Pleas of Lancaster County, alleging deprivation of due process in his Lancaster County sentence. On March 9, 1961, this petition was dismissed for the reason that he had already served his Lancaster County sentence. On March 28, 1961, defendant filed a petition for reconsideration of the denial of the writ of habeas corpus in Lancaster County, alleging that he was improperly sentenced and detained. The court also denied this petition, and stated that defendant was properly ordered to serve his Lancaster County administered sentence before serving the back time of his original sentence since, after committing a crime while on parole, he was sentenced to an institution other than the one from which he was paroled.[1]

---

[1] In this connection the court made the following order:

"And now, April 13, 1961, the petition of James I. Smith to reconsider his petition for a writ of habeas corpus is denied for the reason that his contention that his present incarceration is im-

Petitioner has appealed.

The question before us on this appeal is whether the Board of Parole properly directed appellant to serve the Lancaster County sentence before serving the original sentence.

It should be noted that appellant's proper remedy in this matter is not by a writ of habeas corpus but rather through a writ of mandamus brought against the Board of Parole in Dauphin County. *Com. ex rel. Trevethan v. Myers,* 189 Pa. Superior Ct. 621, 624, 151 A. 2d 672. However, we shall discuss the merits of this appeal.

In section 21.1(a) of the Parole Act of 1941, added thereto by section 5 of the Act of August 24, 1951, P. L. 1401, as amended, June 28, 1957, P. L. 429, §1, 61 PS §331.21a, the Legislature has specifically spoken on this matter as follows:

"If a new sentence is imposed upon such parolee, the service of the balance of said term originally imposed shall precede the commencement of the new term imposed in the following cases:

"(1) If a person is paroled from any State penal or correctional institution under the control and supervision of the Department of Justice and the new sentence imposed upon him is to be served in any such State penal or correctional institution.

---

proper is not legally correct. When the petitioner was sentenced by this court to the State Correctional Institution at Philadelphia, he was sent to a different institution from the one from which he was paroled by the Board of Parole. It was, therefore, necessary for the petitioner to serve the sentence imposed by this court before being returned by the Board of Parole to the institution from which he had been paroled for violation of his parole. The action of the Board of Parole was entirely proper in directing that the petitioner serve the sentence imposed by this court first, and then to return the petitioner to the institution from which he had been paroled for violation of his parole."

"(2) If a person is paroled from a county penal or correctional institution and the new sentence imposed upon him is to be served in the same county penal or correctional institution.

"In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed."

Appellant was paroled from the Philadelphia County Prison. The new sentence by the Court of Quarter Sessions of Lancaster County was to the State Correctional Institution at Philadelphia, a different institution than the one from which he was paroled. Thus, the Board of Parole did not err in its direction. See *Com. ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501; *Com. ex rel. Miller v. Myers,* 189 Pa. Superior Ct. 163, 149 A. 2d 507; *Com. ex rel. O'Neill v. Banmiller,* 189 Pa. Superior Ct. 168, 149 A. 2d 505; *Com. ex rel. Stranahan v. Banmiller,* 190 Pa. Superior Ct. 420, 154 A. 2d 307.

The order is affirmed.