## Commonwealth ex rel. Carroll v. Myers

*Golden Carroll*, p. p. relator.

*James C. Crumlish, Jr.*, District Attorney, and *Charles J. Bogdanoff*, Assistant District Attorney, for Commonwealth.

WATERS, J., February 26, 1963.—Petitioner has appealed from the decision of this court refusing his petition for a writ of habeas corpus.

Petitioner and two other defendants were convicted on July 29, 1958, of burglary with intent to commit a felony: to wit, larceny, as of July sessions, 1958, no. 453. He was tried before the Honorable Maurice W. Sporkin sitting without a jury. A sentence of one to three years in the Eastern State Penitentiary was imposed on each defendant. In his petition, petitioner states he was paroled on July 29, 1959; the superintendent's answer asserts that he was released by parole on September 21, 1959. Petitioner contends that while he was still out on parole, his maximum sentence of

three years expired on July 2, 1961, and that no detainer of any kind had theretofore been lodged against him; that after the expiration of such maximum sentence the parole board was without power or jurisdiction to lodge a detainer against him because of a crime committed while he was still on parole.

The answer of the superintendent sets forth that while petitioner was out on parole and prior to the expiration of his maximum term he was sentenced to a term in the Philadelphia County Prison and when he was released he was taken into custody by a member of the Pennsylvania Board of Parole as a convicted parole violator with a new maximum to expire on November 15, 1963. The dates and further details and identification of this second conviction are not set forth in the answer. The district attorney, in his answer, asserts that petitioner was arrested while on parole and prior to the expiration of his maximum term; that he was indicted as of February sessions, 1961, nos. 1997 and 1998, charging burglary, larceny, receiving stolen goods and conspiracy on or about February 19, 1961. On April 20, 1961, petitioner changed his plea to guilty as to receiving stolen goods, and adjudication and sentence was deferred until November 24, 1961, at which time Judge Weinrott sentenced him to not less than 11½ nor more than 23½ months in the Philadelphia County Prison. On November 24, 1961, he was also adjudged guilty on the conspiracy bill and sentence was suspended.

In Commonwealth ex rel. Spader v. Myers, 196 Pa. Superior Ct. 23, 26 (1961), the court stated: "However, it is clearly settled that, where a paroled convict during his parole commits a crime punishable by imprisonment, he is required to serve the remainder of the term which he would have been compelled to serve but for the parole, and the resulting extension of the expiration date of the maximum term of his original

sentence does not constitute a change in such sentence. [Citing numerous cases.]"

The situation is governed by the recent decision of the Superior Court in 199 Pa. Superior Ct. 477 (1962), affirming the opinion and ruling of Judge Leo Weinrott in Commonwealth ex rel. Long v. Rundle, 28 D. & C. 2d 313 (1962). In that case, an initial sentence effective on January 17, 1951, was imposed and Long was released on parole on January 30, 1956. His maximum would have expired on January 16, 1961. He committed a crime while on parole and was sentenced on April 23, 1957, to a further second term of five to ten years. He was paroled after serving his minimum on this second sentence and was then re-entered to serve the remainder of his 1951 sentence. Judge Weinrott pertinently and dispositively stated as follows:

"An examination of the existing facts and the applicable law led this court to the conclusion that said petition for a writ of habeas corpus should be denied.

"The Act of June 22, 1931, P. L. 862, sec. 1, amending the Act of June 19, 1911, P. L. 1055, sec. 10, 61 PS §305, categorically requires that a person who is sentenced to imprisonment following a conviction of a crime committed while still on parole, under a sentence previously imposed, must serve both the remaining portion of the old sentence and that imposed for the new or subsequent crime consecutively. See Commonwealth ex rel. Godfrey v. Banmiller, 404 Pa. 401 (1961) ; Commonwealth ex rel. Haun v. Cavell, 190 Pa. Superior Ct. 346 (1959) ; Commonwealth ex rel. Salerno v. Banmiller, 189 Pa. Superior Ct. 156 (1959).

"This statute directs the manner and order of imprisonment. In this case, relator was sentenced to a place of confinement other than that from which he had been released on parole and, accordingly, must first serve the sentence imposed for the crime committed

while on parole, and then serve the balance of the term of the sentence originally imposed."

Accordingly, we dismissed the petition for the writ.