**Petition of UNITED STATES of America ex rel. William Leroy PRICE for issuance of a Writ of Habeas Corpus.**

**Misc. No. 3144.**

United States District Court
W. D. Pennsylvania.

March 7, 1963.

William Leroy Price, pro se.

ROSENBERG, District Judge.

■ The relator here petitions this Court for the issuance of a writ of habeas corpus. He is now confined in the State Correctional Institution of Pittsburgh. In the petition, it is stated that the relator was arrested and entered a plea of guilty on April 28, 1958, to the charge of armed robbery; that he was sentenced to serve from three to seven years; that the minimum sentence of three years has now expired; that on November 3, 1961, a detainer and warrant was lodged by the State of Alabama against him, charging him with robbery in Alabama; that he has made attempts to contact the Alabama authorities, but has received no answer; that he has never been in Alabama and that there can be no ground for this detainer by the State of Alabama; that he is eligible for parole and that the detainer is working a restraint of his freedom; that because of the detainer he is unable to procure a job sponsor as required for parole; that because of the detainer he is unable to have a home to which to go as required for purposes of parole and that such detainer is depriving him of his liberty in violation of the Constitution of the United States. He charges that under these circumstances, he is entitled to his freedom.

■ It is difficult to see insofar as it relates to the procedural release of the relator by a parole, how a federal question is presented, particularly when the relator does not indicate that he made application for any aid or remedy from either the state courts or such other official channels as were available to him. In any event, he does not aver or show that he has exhausted his state remedies. It is incumbent upon him to do so. Williams v. Humphrey, 89 F.Supp. 538 (D.C. Pa.); United States ex rel. Miller v. Reing, 81 F.Supp. 367.

As to the complaint of the lodging of a detainer and warrant by the State of Alabama against the relator, he seeks also anticipatory judgment from this Court by which he may be freed from a charge of robbery in Alabama, the innocence of which he makes as a simple denial, while at the same time attempting to procure such aid as will pave the way for easing his chances for a parole.

I am not unmindful of the fact that before the relator can be released to the authorities of the State of Alabama, that an extradition hearing would be required at which time such matters as he would be permitted by law to present will be available as a defense to such extradition.

■ As for his efforts to prevent a sovereign state from putting into operation the machinery of its courts, this Court is without any power to act. If as the relator anticipates, the State of Alabama is permitted to extradite him, he will be entitled to a fair trial according to law and in any event, the proper court of jurisdiction, if a federal question is involved, will be the court where he is wrongfully detained or unconstitutionally held. There is no provision in law by which a person may anticipate by writ

of habeas corpus the procuring of a release from an anticipated incarceration. Commonwealth ex rel. Trevethan v. Myers, 189 Pa.Super. 621, 151 A.2d 672.

The petition must be denied.