224 A.2d 47.

Alexander A. Mancini *vs.* Harold V. Langlois, *Warden.*

NOVEMBER 10, 1966.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Joslin, J. This is a petition for habeas corpus to determine the validity of the petitioner's detention at the adult correctional institutions. We issued the writ and thereafter both the petitioner, who by his own choice is without counsel, and respondent requested leave which we granted to submit the case on briefs without oral argument.

The pertinent portions of petitioner's extensive experiences with the criminal law are more easily followed if told in chronological rather than narrative form. The record discloses the following:

December 10, 1951 petitioner pleaded nolo contendere to three indictments each charging him with robbery and was sentenced to concurrent terms of eighteen years each on indictment Nos. 25902 and 25904 and was given a deferred sentence on indictment No. 25903.

August 11, 1959 he was set at liberty on parole.

December 31, 1959 he was committed to the adult correctional institutions for want of bail by a judge of a district court after being adjudged probably guilty on a complaint charging that on December 29, 1959 he broke into and entered a dwelling in the daytime with intent to commit larceny.

December 31, 1959 the parole board chairman, acting pursuant to G. L. 1956, §13-8-18, issued a warrant directing that he be detained pending a determination of whether his parole should be revoked.

March 1, 1960 the parole board "Voted to continue revocation action until Court Disposition of present case."

April 11, 1960 petitioner having been indicted by the March grand jury on the bind over complaint and warrant pleaded not guilty to indictment No. 29884 charging him with entering a dwelling with intent to commit larceny and was committed for want of bail. Coincident with that proceeding he was held without bail pending consideration of the state's motion that sentence be fixed for violation of the deferred sentence earlier imposed on indictment No. 25903.

May 2, 1960 the trial justice ordered petitioner to be imprisoned for five years for violating the deferred sentence previously given on December 10, 1951. In passing sentence he said: "I will sentence him to five years on indictment No. 25903; the five years to begin upon the expiration of the sentence for which he is now on parole." The mittimus under which he was returned on that day to the adult correctional institutions recites that he "be imprisoned for and during the term of Five Years from & after the expiration of sentence for violation of parole * * *."

May 26, 1960 the parole board voted to revoke petitioner's parole. Its minutes disclose that the balance of the term then unserved on indictments Nos. 25902 and 25904 was "10 years and 4 months. Less 'Good Time' 1220 days."

January 16, 1961 petitioner withdrew his prior plea of not guilty to indictment No. 29884 and on his plea

of nolo contendere was sentenced to serve a term of three years to run concurrently with the term or terms then being served.

August 26, 1964 the parole board considered his request for a reconsideration of its revocation of parole and "Voted to Rescind Revocation - - - effective forthwith - - - subject to be continued on parole; And To Start Serving New Sentence, which was to be consecutive to this Viol. [violation] time."

May 16, 1966 petitioner made application for a writ of habeas corpus and the writ issued.

The petitioner apparently does not question that a court in this state may under §12-19-5 impose a sentence to commence upon the expiration of a term of imprisonment then being served. He argues instead and in substance that his case does not fall within the purport of that enactment because on May 2, 1960 he was on parole and not serving a term of imprisonment. He contends that the five-year term imposed upon the condition that it "begin upon the expiration of the sentence for which he is now on parole" was uncertain because of its dependency upon the contingency of a possible future action by the parole board. Carrying his argument further he says that immediately following the imposition of sentence neither he nor the officer charged with the execution of his sentence was able to determine when his term would start because it was then impossible to ascertain *when* or even *if* his parole would be revoked. He concludes by contending that such uncertainty in the sentence pronounced against him makes it void.

A fallacy in this contention is that uncertainty in the beginning date of a prison term, unlike indefiniteness in its duration, does not normally render the sentence void. It is the punishment meted out rather than the day of its commencement that is the essential element of the judgment. While the length of the term must be clearly and definitely stated, the same strict requirement does not extend to the starting date; and an error by the sentencing judge in fixing

the time when the imprisonment is to begin is generally considered as surplusage and without effect on the validity of the judgment. *People ex rel. Crews* v. *Toman,* 367 Ill. 163; *Ulrich* v. *O'Grady,* 136 Neb. 684; *Commonwealth ex rel. Miller* v. *Myers,* 189 Pa. Super. 163. Applying those principles to this judgment causes us to disregard the sentencing justice's statement that the term of imprisonment should run consecutively to the sentences upon which petitioner was then technically on parole. What then remains is a term of a fixed and certain number of years which began to run on May 2, 1960, the day petitioner began to serve.

Having reached that determination we next consider the effect of the parole board's 1964 rescission of its prior revocation of petitioner's parole on the 1951 eighteen-years consecutive sentences. The vote of rescission recites that petitioner was "to start serving New Sentence, which was to be consecutive to this Violation Time." That language makes it evident that the board in rescinding premised its vote upon an erroneous assumption as to the order in which the several terms were to be served, and that in granting petitioner a new parole it predicated its action upon the express condition precedent that petitioner forthwith would start to serve the five-year term previously imposed for the violation of the deferred sentence. Because contrary to its assumption petitioner was in fact then serving the five-year term, the condition precedent proved impossible of fulfillment.

While customarily it is a violation of the condition subsequent of good behavior which renders a parole void, it is equally true that the nonexistence of an underlying assumption or a precedent condition upon which a grant is based must necessarily have the same vitiating effect. Therefore, we hold that the rescission of the revocation on August 26, 1964 was void.

The petition for a writ of habeas corpus is denied and dismissed, the writ heretofore issued is quashed, the official records furnished at our request by the Parole Department are ordered returned to that department, and the petitioner is remanded to the custody of the respondent warden.

*Alexander A. Mancini* pro se, petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for respondent.