Commonwealth ex rel. Johnson, Appellant, *v.* Bookbinder.

Argued September 13, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Joseph M. Smith,* with him *F. Emmett Fitzpatrick, Jr.,* for appellant.

*James D. Crawford,* Assistant District Attorney, with him *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MONTGOMERY, J., November 14, 1968:

Relator, Nelson Johnson, Jr. (appellant), was convicted of a crime in Philadelphia County in 1964 and sentenced to the State Correctional Institution at Camp Hill. In January, 1966 he was paroled, with three years then remaining on his sentence. Thereafter, on January 26, 1968, while on that parole, he was arrested by the Philadelphia police for another alleged crime, given a preliminary hearing before a committing magistrate, held for court, and released on $800 bail. On February 6, 1968, while free on bail, he was arrested by agents of the Pennsylvania Board of Parole as a parole violator and returned to prison where he was being held on that parole violation detainer when he filed his petition for a writ of habeas corpus. He contends that his confinement is unlawful because the Parole Board had no authority to file a detainer without first affording him a hearing on his alleged viola-

tion. The lower court, acting through Hon. CHARLES L. GUERIN, President Judge, dismissed his petition for lack of jurisdiction over the Parole Board.

Section 331.21a of the Act of August 6, 1941, P. L. 861, as amended, 61 P.S. §331.21a, provides: "(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole . . . may be recommitted after hearing before the board. . . ."

In *Commonwealth ex rel. Hendrickson v. Hendrick,* 193 Pa. Superior Ct. 559, 165 A. 2d 261 (1960), the relator also contended that he was falsely imprisoned on a charge of technical parole violation. We held therein that such questions may not be raised by habeas corpus and said at page 563, "Since appellant is in legal custody under a valid sentence, we cannot review the fairness and impartiality of the hearing before the Parole Board and the propriety of its action in recommitting appellant to prison: . . ." The only distinction between that case and the present one is that in *Hendrickson* the recommittance was after a hearing, whereas in the present case it is alleged in relator's petition that he was incarcerated as a technical violator without a hearing where he could be present with counsel.

In Pennsylvania one charged with being a technical parole violator is entitled to a hearing at which he may explain away the alleged violation, but such hearing is not a formal hearing with proceedings quasi-judicial in character. It (the hearing) need only be summary in character, *Commonwealth ex rel. Hendrickson v. Pennsylvania State Board of Parole,* 409 Pa. 204, 185 A. 2d 581 (1962); and is not constitutionally required. *Commonwealth v. Vladyka,* 425 Pa.

603, 229 A. 2d 920 (1967); *Commonwealth ex rel. Thomas v. Myers,* 419 Pa. 577, 215 A. 2d 617 (1966); *Hutchison v. Patterson,* 267 F. Supp. 433 (1967, D.C. Colorado).

Conceding that relator is entitled to a hearing before recommitment for the balance of his original term, he has not been recommitted in the present case. He is merely being detained pending a hearing at which it will be determined whether he should be recommitted or released again on parole. For some undisclosed reason his hearing was delayed and not held to the time he filed his petition in June, 1968, a matter of four months. Thus the question is narrowed to the issue of whether he is entitled to his release on a writ of habeas corpus because of the delay on the part of the Parole Board in scheduling a hearing, or must he resort to some other action to secure a hearing.

We agree with the lower court that the situation is beyond its jurisdiction and that relator must adopt some other measure to compel the Board to act. We have no doubt as to the right of the Board to arrest a parolee who is alleged to be a technical violator and to give him a hearing at a later date. The Legislature has vested in the Board of Parole exclusive power to parole and reparole, commit and recommit for violation of parole, and discharge from parole all persons, with certain exceptions. *Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A. 2d 884 (1961). Furthermore, while parole is a provisional release, it is in legal effect a continuance of imprisonment. *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347 (1943). Such a person is still in the legal custody of the warden of the institution from which he was paroled and under his control until the expiration of the term of his sentence. *Commonwealth ex rel. Sparks v. Russell,* supra. Therefore, he

would not be entitled to his discharge from his imprisonment as a parolee on a writ of habeas corpus for the reason he alleges in his petition.

Habeas corpus is an extraordinary remedy and is available after other remedies have been exhausted or are ineffectual or nonexistent. It will not issue if another remedy exists and is available. *Commonwealth ex rel. Henderson v. Baldi,* 372 Pa. 463, 93 A. 2d 458 (1953); *Commonwealth ex rel. McGlinn v. Smith,* 344 Pa. 41, 24 A. 2d 1 (1942); *Commonwealth of Pennsylvania ex rel. J. McD. Scott v. John McAleese,* 192 Pa. 410, 43 A. 1079 (1899). It is not available when mandamus is employable. *United States ex rel. Bogish v. Tees,* 211 F. 2d 69; *United States ex rel. Wing v. Commonwealth,* 90 F. Supp. 208.

Mandamus is available in such cases as the present to compel the Board of Parole to conduct a hearing or to correct a mistake in applying the law. *Commonwealth ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501 (1959).

Since such a mandamus proceeding must originate in the Court of Common Pleas of Dauphin County, *Commonwealth ex rel. Salerno v. Banmiller,* supra, and cases therein cited with approval, Judge GUERIN was correct in dismissing relator's petition.

Order affirmed.