Commonwealth of Pennsylvania ex rel. Lonnie Davis, Plaintiff *v.* Pennsylvania Board of Parole, Defendant.

*Norman Ackerman,* for plaintiff.

*Robert A. Greevy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for defendant.

OPINION BY JUDGE WILKINSON, October 28, 1976:

This action in mandamus, brought in our original jurisdiction, is before us on cross-motions for judgment on the pleadings. Cutting through the extraneous facts and the procedural morass and going to the heart of the legal issue, plaintiff would have us order the Pennsylvania Board of Parole to consider the sentences imposed by a common pleas judge on December 22, 1954, following pleas of guilty on three bills of indictment, as running concurrently rather than consecutively, as clearly endorsed by the sentencing judge on the bills of indictment.

Plaintiff would have us base such an order on going behind the recorded sentence to the transcript of the proceeding when plaintiff plead guilty and was sentenced. By extracting certain parts of the transcript and disregarding other parts, plaintiff attempts to establish that the sentencing judge did not make it clear in his oral sentence whether the three terms were to run concurrently or consecutively. Having taken this tortuous route, plaintiff invokes the well-established princple that where the sentencing judge

does not make it clear that sentences are to run consecutively, they must be interpreted as running concurrently. Rule 1406(a) of the Pennsylvania Rules of Criminal Procedure; *Commonwealth v. Harrison,* 142 Pa. Superior Ct. 453, 16 A.2d 665 (1941).

Quite apart from the fact that we have examined the transcript and would hold that the sentencing judge in the oral sentence, when the entire transcript is considered, made it quite clear that the sentences were to run consecutively, the plaintiff's case must fall because of the well-established principle that the only sentence is the one signed by the sentencing judge and entered in the record. The United States Supreme Court has ruled:

> The only sentence known to the law is the sentence or judgment entered upon the records of the court [citation omitted]. If the entry is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth. People ex rel. Trainor v. Baker, 89 N.Y. 460, 466. But the judgment imports verity when collaterally assailed. Ibid. Until corrected in a direct proceeding, it says what it was meant to say, and this is by a irrebutable presumption. In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.

*Hill v. United States ex rel. Wampler,* 298 U.S. 460, 464 (1936).

The Pennsylvania Superior Court has ruled to the same effect in almost the same language :[1]

---

[1] The only contrary holding in Pennsylvania has been *Commonwealth v. Hosendorf,* 437 Pa. 219, 263 A.2d 439 (1970), wherein the court went behind the written sentence entered in the record. However, the Pennsylvania Supreme Court has since expressly stated that the opinion in *Hosendorf,* representing less than a majority of the court, should not be considered decisional. *Commonwealth v. Sil-*

The sentences as recorded appear to have been properly imposed. Nothing inconsistent or irreconcilable is disclosed. Oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are no part of the judgment of sentence (citation omitted).

*Commonwealth ex rel. Scoleri v. Burke,* 171 Pa. Superior Ct. 285, 90 A.2d 847, 849 (1952).

Accordingly, we will enter an order granting judgment on the pleadings to the defendant.

### ORDER

AND Now, October 28, 1976, the plaintiff's motion for judgment on the pleadings is denied and the defendant's cross-motion for judgment on the pleadings is granted.

---

verman, 442 Pa. 211, 275 A.2d 308 (1971), *cert. denied,* 405 U.S. 1064 (1972).