398 A.2d 992

**COMMONWEALTH of Pennsylvania ex rel. Lonnie DAVIS, Appellant,**

v.

**PENNSYLVANIA BOARD OF PAROLE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Jan. 16, 1979.

Decided March 16, 1979.

158

Norman Ackerman, Philadelphia, for appellant.

Robert A. Greevy, Asst. Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

On December 22, 1954, Lonnie Davis, the appellant in this appeal, together with co-defendants, Parris and McCray, having been convicted on three indictments, each charging robbery, assault and conspiracy, appeared before the trial court for sentencing.[1] The following transpired:

In sentencing Parris, the court stated, "I am going to sentence you to two and one-half to fifteen years on each of three counts, which means that your sentence that you will serve will be seven and one-half to forty-five years."

In sentencing McCray, the court stated, "two and one-half to fifteen years on Bills 1033, 1032, and 1038 . . . if you don't behave yourself, you will serve the balance of that sentence, and it is a long one. Forty-five years is a long time."

In sentencing Davis here, the court stated, "I see no reason to reduce your sentence below that of the others. You are equally guilty, so I will sentence you to two and one-half to fifteen years on Bills 1032, 1033, and 1038. . ."

Following this, the court signed an order on each Bill of Indictment. On Bill 1032 the order said sentence of two and one-half to fifteen years with commitment date of November 10, 1954. On Bill 1033 the order said sentence of two and one-half to fifteen years with commitment date "after sentence on Bill 1032, November, 1954"; on Bill 1038 the order said sentence of two and one-half to fifteen years with a commitment date "after sentence on Bill 1033, November, 1954."

The clerk of courts subsequently issued written certifications of the sentences. The certification as to Bill 1032 sets forth a commitment date of November 10, 1954. The certification as to Bill 1033 specifies a commitment date "at

---

1. The briefs are in conflict as to whether Davis plead guilty or was tried for the offenses. However, the dispute is not relevant to the issues to be considered here.

expiration of sentence on Bill 1032, November, 1954." The certification as to Bill 1038 states a commitment date "at expiration of sentence on Bill 1033, November, 1954."

Davis was paroled in 1962, after serving a period in excess of seven and one-half years on the sentences before described. In 1972, Davis was convicted of other crimes and sentenced to prison on these last convictions for a term of seven and one-half to fifteen years.[2] Later, he was recommitted as a convicted parole violator to serve the unexpired period of the 1954 sentences.

In August, 1975, Davis filed a petition in this Court seeking a writ of habeas corpus. We dismissed the petition without prejudice and directed the trial court to appoint counsel to assist Davis in seeking any relief that might be proper. In November, 1975, Davis filed a counseled complaint in mandamus in the Commonwealth Court seeking to compel the Board of Parole (Board) to construe his 1954 sentences as concurrent and to do whatever else would be fair and equitable to rectify the "mistaken" action of the Board in requiring him to serve more prison time than the 1954 sentences legally required. The Commonwealth Court entered an order denying Davis' motion for judgment on the pleadings and granting the Board's cross-motion for judgment on the pleadings. The case is here on direct appeal from that order.

■ It has been held a proceeding in mandamus is available to compel the Board to conduct a hearing or correct a mistake in applying the law.[3] See *Moore v. Roth*, 231

2. In between 1962 and 1972, Davis was involved with the law on more than one occasion and spent part of this period in prison as a convicted parole violator. He was reparoled in 1967. These facts are not of moment here.

3. Several of the cited cases direct that a mandamus action must originate in the Court of Common Pleas of Dauphin County. Jurisdiction over complaints against state agencies or officers administering the parole system which are not direct or collateral attacks on the conviction or sentence was vested exclusively in the Commonwealth Court by the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 401, 17 P.S. § 211.401 (Supp.1978). Section 508(c)

Pa.Super. 464, 331 A.2d 509 (1974); *Commonwealth ex rel. Johnson v. Bookbinder*, 213 Pa.Super. 335, 247 A.2d 644 (1968); *Commonwealth ex rel. Salerno v. Banmiller*, 189 Pa.Super. 156, 149 A.2d 501 (1959); *Commonwealth ex·rel. Miller v. Myers*, 189 Pa.Super. 163, 149 A.2d 507 (1959). Instantly, Davis does not allege failure of the Board to conduct a hearing. Rather, demand is made upon the Board to treat Davis' sentences as concurrent despite the clear mandate of the commitment papers that the sentences are to be served consecutively. The underlying argument is two-fold. First, Davis alleges the sentencing judge did not expressly impose consecutive sentences, and, thus, the sentences must be deemed concurrent. Cf. Rule 1406, Pennsylvania Rule of Criminal Procedure. Second, he claims the court orders and certifications increased the sentence initially imposed in violation of his right not to be placed twice in jeopardy and his right to notice.

These claims do not provide a basis for compelling the Board to correct an error in applying the law. The claims do not assert the Board erred applying the law when interpreting the commitment papers; they allege a variance between the intent of the sentencing court and the commitment papers which violates due process and the prohibition against double jeopardy. Thus, the instant case differs from cases which have held mandamus is available to a prisoner challenging an action of the Board. For example, in *Moore v. Roth*, supra, the claim was based upon the Board's failure to conduct a hearing in conformity with the law, and in *Commonwealth ex rel. Salerno v. Banmiller*, supra, appellant argued the Board had erred in deciding he must serve a new term of imprisonment before requiring him to serve back time.[4]

of the Act declares the Commonwealth Court has jurisdiction over every civil action or proceeding previously entered in the docket of Commonwealth cases in the Court of Common Pleas of Dauphin County. Section 401 of the Act is substantially reenacted in 42 Pa.C.S.A. § 761.

4. See also *Commonwealth ex rel. Johnson v. Bookbinder*, supra [claim of incarceration of a technical parole violator without benefit

■ Davis' claim, comprising violations of his constitutional rights, would be the appropriate subject of a petition collaterally attacking his sentence pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (Supp.1978–79). Section 1180–3 of the Act provides a person seeking relief must prove, *inter alia*, that he is incarcerated or on probation or parole and that his conviction or sentence resulted from one or more enumerated violations of his rights. Davis is currently incarcerated on the sentence at issue, claims his sentence was increased without notice to him in violation of his right to due process of law and claims the increase in sentence violated his right not to be placed twice in jeopardy. Thus, his claims fall within the ambit of the Post Conviction Hearing Act. This Court has granted relief pursuant to the Act to a petitioner who alleged a disparity between the sentence recorded on the bill of indictment and the sentence orally pronounced by the trial court. *Commonwealth v. Hosendorf*, 437 Pa. 219, 263 A.2d 439 (1970).[5]

Of course, should Davis attack his sentence pursuant to the Post Conviction Hearing Act, he will be required to satisfy all of its requirements including proof that any error as to his sentence has not been waived.

The order of the Commonwealth Court is vacated, and appellant's complaint in mandamus is dismissed without prejudice to his right to proceed under the Post Conviction Hearing Act.

LARSEN, J., filed a dissenting opinion in which MANDERINO, J., joins.

of a hearing required by law]; *Commonwealth ex rel. Smith v. Hendrick*, 196 Pa.Super. 289, 175 A.2d 92 (1961) [order of serving sentences challenged]; *Commonwealth ex rel. Miller v. Myers*, supra [order of serving sentences challenged]; *Commonwealth ex rel. Trevethan v. Myers*, 189 Pa.Super. 621, 151 A.2d 672 (1959) [order of serving sentences challenged].

5. *Hosendorf* is, however, a non-decisional plurality opinion. *Commonwealth v. Silverman*, 442 Pa. 211, 218 n. 8, 275 A.2d 308, 312 n. 8 (1971).

LARSEN, Justice, dissenting.

I dissent and adopt the reasoning of the Commonwealth Court's Opinion as authored by the Honorable Judge Roy Wilkinson, Jr. That case may be found at *Commonwealth of Pennsylvania, ex rel. Lonnie Davis v. Pennsylvania Board of Parole*, 27 Pa.Cmwlth. 335, 365 A.2d 702 (1976).

MANDERINO, J., joins this dissenting opinion.