J-S21010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON P. LLOYD | : | |
| | : | |
| Appellant | : | No. 869 WDA 2017 |

Appeal from the Order May 31, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004118-2008

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY OLSON, J.:                    **FILED JULY 3, 2018**

Appellant, Aaron P. Lloyd, appeals *pro se* from the May 31, 2017 order denying his motion to enforce a negotiated plea agreement.  We affirm.

As our disposition is based on the procedural posture of this case, we decline to set forth the factual background.  On August 25, 2008, Appellant pled guilty to aggravated assault[1] and several charges at a different docket number.  Appellant was immediately sentenced to an aggregate term of four and one-half to nine years' imprisonment.  Appellant did not file a direct appeal.

On June 19, 2009, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel was appointed and filed an amended petition.  The PCRA court denied Appellant's

_____

[1] 18 Pa.C.S.A. § 2702.

PCRA petition.  This Court affirmed, and our Supreme Court denied allowance of appeal.  *See Commonwealth v. Lloyd*, 11 A.3d 1040 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 14 A.3d 825 (Pa. 2011).

Thereafter, Appellant was released on parole.  Appellant violated the terms of his parole and the Pennsylvania Board of Probation and Parole ("PBPP") revoked Appellant's parole and imposed backtime.  On March 15, 2017, Appellant filed a document he titled a motion to enforce his negotiated plea agreement arguing that the application of 61 Pa.C.S.A. § 6138(a)(2) violated the terms of his plea agreement.[2]  On May 31, 2017, the trial court denied the motion.  This timely appeal followed.[3]

Appellant presents two[4] issues for our review:

1. [Did the trial court err in concluding that it lacked jurisdiction to consider Appellant's motion?

2. Is the Commonwealth barred from applying 61 Pa.C.S.A. § 6138(a)(2) to Appellant because of the terms of his plea agreement?]

---

[2] That section provides that

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

61 Pa.C.S.A. § 6138(a)(2).

[3] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

[4] Appellant lists three issues; however, his second and third issues raise nearly identical claims.  Hence, we have combined them into one issue.

Appellant's Brief at 5.

In his first issue, Appellant argues that the trial court had jurisdiction to consider his motion to enforce his plea agreement. "Whether a court has subject matter jurisdiction presents a question of law, making our standard of review *de novo* and the scope of our review plenary." **Hendricks v. Hendricks**, 175 A.3d 323, 328 (Pa. Super. 2017) (citation omitted).

The Commonwealth incorrectly argues that the trial court lacked jurisdiction over Appellant's motion because it was an untimely PCRA petition. Appellant's motion, however, was not an attempt to attack his judgment of sentence entered in the above-captioned matter. Moreover, his claim was not cognizable under the PCRA. **Cf.** 42 Pa.C.S.A. § 9543(a)(2) (listing claims cognizable under the PCRA). His motion was properly construed as a collateral attack on PBPP's order revoking his parole and imposing backtime because he attacked PBPP's application of section 6138(a)(2) in his case. Hence, the trial court correctly concluded that the Commonwealth Court had exclusive jurisdiction over Appellant's claim. **See** 42 Pa.C.S.A. §§ 761 and 763; **Moore v. Roth**, 331 A.2d 509, 510 (Pa. Super. 1974); **see also McGriff v. Pennsylvania Bd. of Prob. & Parole**, 809 A.2d 455, 458 (Pa. Cmwlth. 2002), *aff'd*, 838 A.2d 564 (Pa. 2003), *citing* **Davis v. Pennsylvania Bd. of Prob. & Parole**, 398 A.2d 992 (Pa. 1979) ("Jurisdiction over complaints sounding in mandamus against State agencies administering the parole system, where the complaint is not a direct or collateral attack on the

conviction or sentence, is vested exclusively in the Commonwealth Court.").

As the trial court lacked jurisdiction over Appellant's motion, we need not address Appellant's second issue.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/3/2018