# Norman L. Johnston, Plaintiff *v.* Pennsylvania Board of Probation and Parole, Defendant.

Submitted on briefs, December 22, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*W. Robert Landis,* for plaintiff.

*Robert A. Greevy,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for defendant.

Opinion by Judge Rogers, March 1, 1978:

Norman L. Johnston has filed a complaint in mandamus and a petition for writ of habeas corpus challenging his detention as a parole violator by the Pennsylvania Board of Probation and Parole. The Board has filed a motion for summary judgment which we grant.

Johnston was sentenced to a term of imprisonment on charges of prison breach, assault and battery and receiving stolen goods. He was released on parole and while still on parole was arrested on November 3, 1975 by the Pennsylvania State Police in Chester

County on charges of burglary, theft, receiving stolen property and criminal conspiracy. On November 12, 1975, the petitioner was given a preliminary hearing before a District Justice who concluded that a prima facie case was made out and who fixed bail. Johnston was released that same day after posting bail.

On December 19, 1975, Johnston was arrested by an agent of the Board for violating conditions 2 and 3 of his parole which are as follows:

2. You will live at Thompson Road in Kennett Square and may not change your residence without written permission.

3. You will comply with all Municipal, County, State and federal Criminal laws, and abide by any written instructions of the Pennsylvania Board of Probation and Parole or your Parole Agent. You will immediately notify your Parole Agent of any arrest by law enforcement agencies.

On or about December 24, 1975, Johnston filed with this Court a complaint in mandamus and a petition for writ of habeas corpus. He alleged in both pleadings that he had been arrested for the technical parole violation of changing his residence without notice to and permission of the Board. He complained that he was being detained on this technical charge without being afforded the preliminary hearing required by *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). It was conceded that no preliminary hearing had been afforded so that Johnston was ordered to be released and the Board directed to conduct a preliminary hearing on December 26, 1975. At the hearing, the Board considered the technical parole violation charge of failing to notify the Board of a new arrest and, in addition, the charge of changing residence without permission. Both of these charges were dismissed for lack of evi-

dence. The Board nevertheless detained Johnston pending disposition of the new criminal charges.

On February 10, 1976, Johnston filed in this Court a second complaint in mandamus and a second petition for writ of habeas corpus together with a motion for peremptory judgment which we denied. The Board filed answers to Johnston's complaint and petition. At the close of the pleadings the Board filed its motion for summary judgment together with the supporting affidavit of Johnston's parole officer hereinafter referred to. Johnston filed no opposing affidavit.

Johnston says that the Board may not detain him on account of the new criminal charges because they were not a subject of the preliminary hearing of December 26, 1975 and he may not be held without the preliminary hearing with respect to those charges required by *Gagnon v. Scarpelli, supra.* We disagree. First, the unopposed affidavit of the parole officer supporting the Board's motion for summary judgment states that the facts that new criminal charges had been laid and that a District Justice had conducted a preliminary hearing and found a prima facie case were, in fact, a subject of discussion at the preliminary hearing. Second, even if the criminal charges had not been a subject of the December 26, 1975 hearing, Johnston might still be detained without a preliminary hearing conducted by the Board on the criminal charges, because the preliminary hearing conducted by District Justice served this purpose.

Pa. R.C.P. No. 1035, providing for motions for summary judgments provides in pertinent part as follows:

. . . .

(d) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evi-

dence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Emphasis added.) Hence, where the moving party has filed supporting affidavits, his opponent may not simply rely on contrary averments of his pleadings but must file opposing affidavits on pain of having the moving party's statement of fact accepted as true. *Phaff v. Gerner,* 451 Pa. 146, 303 A.2d 826 (1973). Johnston, not having controverted the fact established by the Board's affidavit that the new criminal charges were indeed a subject of the preliminary hearing, must fail.

We further conclude that there is no necessity for the Board of Probation and Parole to conduct a preliminary hearing with respect to new criminal charges where the parolee has been arrested and, after a preliminary hearing pursuant to Pa. R. Crim. P. 141, has been held for indictment and trial in the Court of Common Pleas. We follow in this regard the holding of the Superior Court carefully explained by Judge SPAETH in *Commonwealth v. Davis,* 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975). We recognize that *Commonwealth v. Davis, supra,* involved probation. We

can see no compelling reason why the same rule should not apply to parole, and the petitioner has suggested none.

The petitioner has had every right of due process accorded by the Constitution as construed by the Supreme Court in *Morrissey v. Brewer, supra,* and *Gagnon v. Scarpelli, supra,* and

Accordingly, we enter the following

### ORDER

AND Now, this 1st day of March, 1978, it is Ordered the motion for summary judgment filed by the respondent Pennsylvania Board of Probation and Parole be and it is hereby granted, judgment is entered for the respondent, and the petition for writ of habeas corpus and the complaint in mandamus filed by Norman L. Johnston be and they are hereby dismissed.