Wayne Battle, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

him. The parties have filed cross-motions for summary judgment and the issues are before us on briefs.

Battle was released on parole from the service of concurrent sentences for the offenses of aggravated robbery and receiving stolen goods. He was recommitted as a convicted parole violator on two separate occasions and the maximum expiration date of his sentences had been extended to June 27, 1979. On March 3, 1978, while he was once again on parole, Battle was arrested by the Philadelphia authorities on a charge of murder and on March 6, 1978, a parole violation warrant based on these new charges was filed. On March 23, 1978, a criminal preliminary hearing was conducted by a district justice at which a prima facie case was established. Battle was tried before a jury and on August 25, 1978, a mistrial was declared because the jury was unable to reach a verdict. Battle then filed a motion to dismiss the charges against him on the ground that a second trial would place him in double jeopardy. His motion to dismiss was denied by the Court of Common Pleas and his appeal from that action is now pending. In the meantime, Battle has remained detained by the Board pending disposition of the criminal charges and it is this detention which he is here challenging.

Battle contends that he is denied due process of law because he is detained without the benefit of the proper hearings. We disagree.

We first note that Battle's reliance on Pa. R. Crim. P. 1409 for the proposition that his parole cannot be revoked unless the Board has held a hearing ''as speedily as possible'' is totally misplaced since the comment to Rule 1409 specifically states: ''This Rule does not govern parole cases under the jurisdiction of the Parole and Pardons Board, but applies only to the defendants who can be paroled by a judge. . . .'' Hence, obviously, Rule 1409 has no application.

Battle's other arguments are also without merit. Section 71.3(1) of the Board's regulations which appears at 7 Pa. B. 489 provides, in pertinent part:

A parolee may be arrested and detained on a Board warrant pending disposition of criminal charges upon the occurrence of one of the following:

(i) A committing magistrate has conducted a preliminary hearing and concluded that there is a *prima facie* case against the parolee.

Since Battle was afforded a preliminary hearing after his arrest at which a prima facie case was established, the Board was not required to conduct a preliminary detention hearing. *Johnston v. Pennsylvania Board of Probation and Parole,* 34 Pa. Commonwealth Ct. 113, 383 A.2d 233 (1978).

The final revocation hearing to which parolees detained on new criminal charges are entitled must be conducted within 120 days of the date on which the Board receives official verification of a plea of guilty or nolo contendre or the guilty verdict at the highest trial court level. *See* Section 71.4(2) of the Board's regulations, 7 Pa. B. 490. Since Battle's first trial ended in a mistrial and a retrial has not yet taken place, the criminal charges are still pending and thus no violation of the 120 day time limit is yet possible. *Ryles v. Pennsylvania Board of Probation and Parole,* 41 Pa. Commonwealth Ct. 337, 399 A.2d 151 (1979).

The fact that Battle has appealed the denial of his motion does not, as he maintains, entitle him to be released pending the decision of his appeal. Section 71.3(2) of the Board's regulations found at 7 Pa. B. 489 provides that a parolee who is arrested on a Board warrant and who has waived a preliminary hearing or has has been afforded either a criminal preliminary hearing before a magistrate, a preliminary detention hearing or a trial before Philadelphia Municipal Court

or a district judge may be detained, without further hearing, pending disposition of the criminal charges. The reason for this regulation is discussed in Judge HIGGINBOTHAM's opinion in *United States ex rel. Burgess v. Lindsey*, 395 F. Supp. 404, 410-11 (E.D. Pa. 1975):

> In the instant case, the most important circumstance that this Court must consider in deciding whether the requirements of due process have been satisfied is the Board's· reliance. on the criminal justice system for a determination of the fact of a parole violation. This circumstance radically differentiates the situation of a parolee accused of a new crime from that of a technical violator. 'Reasonable' time parameters for the latter's final revocation hearing are therefore not necessarily 'reasonable' time parameters for the final revocation hearing of the former. Given the Board's reliance on the outcomes of the criminal justice system, the final revocation hearing of a parolee accused of a new crime would be unreasonably delayed only if his right to a prompt and speedy trial were itself violated. See Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed. 2d 1 (1967).

The delay in trying Battle on the murder charge is occasioned by his exercise of his right to appeal from the denial of his motion to dismiss. The criminal justice system has not impaired his right to a speedy trial or unreasonably delayed his final revocation hearing.

Battle's final argument is that his present detention for parole violation is illegal because the original sentences from which he was on parole were improper because he was tried and sentenced as an adult when in fact he was a juvenile. This claim is an appropri-

ate subject of a petition collaterally attacking his sentence pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §§1180-1-1180-14; it is not germane to this attack on his detention for violating his parole from this sentence. *See Commonwealth ex rel. Davis v. Pennsylvania Board of Probation and Parole,* Pa. , 398 A.2d 992 (1979).

Accordingly, we enter the following:

### ORDER

AND Now, this 20th day of July, 1979, it is Ordered that the motion for summary judgment filed by the respondent Pennsylvania Board of Probation and Parole be and it is hereby granted, and final judgment is entered in favor of the respondent and against the petitioner, Wayne Battle.