Jonathan Boone, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs December 15, 1982, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

PER CURIAM OPINION, March 23, 1983:

This is an appeal by Jonathan Boone (Petitioner) from an order of the Pennsylvania Board of Probation and Parole (Board) ordering Boone recommitted as a convicted parole violator to serve two years backtime when available. We affirm.

While on parole, Boone was arrested and charged with aggravated assault, simple assault, possession of an instrument of crime, possession of offensive weapons and recklessly endangering another person. A warrant and detainer were lodged against Petitioner by the Board and he was given a detention hearing on February 1, 1978. On March 15, 1978, he was ordered detained pending disposition of the criminal charges. Following his conviction, he was afforded a revocation hearing before the Board and the Board subsequently entered the order appealed here.

Petitioner urges that the Board must be reversed and asserts two grounds. First, he claims that the Board's refusal to allow the cross-examination of adverse witnesses at the detention hearing violated his rights to due process. Second, Petitioner argues that the delay of this Court in appointing counsel to represent him in the prosecution of this appeal amounts to further deprivation of due process.

With regard to Petitioner's first contention, the Board points out that on the same day as the detention hearing, Boone was given a preliminary hearing on the new criminal charges. 37 Pa. Code §71.3 provides in pertinent part:

(1) A parolee may be arrested and detained on a Board warrant pending disposition of criminal charges upon the occurrence of *one* of the following:

(i) A committing magistrate has conducted a preliminary hearing and concluded that there is a *prima facie* case against the parolee.

. . . .

(iv) A member of the Board or an Examiner designated by the Board conducts an inde-

pendent hearing, which shall be termed a "Detention Hearing," to determine whether there is probable cause to believe that the parolee has violated the conditions of his parole and whether he should be detained pending disposition of the criminal charges. (Emphasis added.)

There was, therefore, no need for the Board to conduct a detention hearing under 37 Pa. Code §71.3. *Battle v. Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 380, 403 A.2d 1063 (1979); *Ryles v. Board of Probation and Parole,* 41 Pa. Commonwealth Ct. 337, 399 A.2d 151 (1979). The Board urges that since no detention hearing need have been held, any defect in procedures at the hearing is harmless error. We agree. If due process does not require the detention hearing to be held, *Battle, Ryles,* we may disregard the proceeding and any procedural errors made during it. Petitioner was afforded due process in the preliminary hearing held in the new criminal matter. *See Johnston v. Board of Probation and Parole,* 34 Pa. Commonwealth Ct. 113, 383 A.2d 233 (1978).

We must also reject Petitioner's claim that delay in the appointment of counsel to assist in the prosecution of this Petition for Review violated constitutionally protected rights. Although Boone was without counsel when he originally filed his pro se Mandamus action, once the Pennsylvania Supreme Court established that he was entitled to counsel, proper counsel was appointed pursuant to that mandate. Additionally, the delay was without harm. Because we have rejected Petitioner's objection to the Board's order on legal grounds, Boone was not prejudiced by any delay. Petitioner was able now, with the aid of counsel, to develop and present his argument to this

Court as he would have been had counsel been appointed earlier.

PER CURIAM ORDER

Now, March 23, 1983, the order of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated September 21, 1978 is hereby affirmed.