**Creasy v. Schultz**

*Robert L. White,* for plaintiff.

*S. Jonathan Samel and William B. Moyer,* for defendants.

KELTON; *J.,* December 18, 1985—By the order which follows, we grant summary judgment in favor of Charles Schultz and Eleanor Farrell.

Plaintifffs John Creasy and Dennis Cavan, who had been insurance brokers representing the Bristol Township Authority (BTA), were dismissed as brokers by the BTA by majority vote of that board in July 1981. Thereafter, on October 28, 1981, detectives employed by the Bucks County District Attorney's Office filed a criminal complaint against plaintiffs charging plaintiffs with theft by failure to make disposition of funds received, receiving stolen property and criminal conspiracy, all allegedly in violation of sections 3927, 5925 and 903 of the Pennsylvania Crimes Code. After the criminal proceedings were terminated favorably to plaintiffs, they instituted this action against Schultz and Farrell alleging in their complaint that the arrest and prosecution were based "wholly or partially upon the false statements and allegations of the defendants in executing said

false complaint."[*]

Pa.R.C.P. 1035 (b) allows us to render summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

"Subsection (d) of Rule 1035 provides that:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein. Verified or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. *When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.* (Emphasis added.)

The pleadings and depositions establish the following. Defendants Schultz and Farrell were two of the nine members of the Bristol Township Authority Board. Schultz was a member of the board's insurance committee and Farrell was a member of the finance committee. By majority vote of the authority

---

[*] Plaintiffs also sued BTA. By earlier order we granted judgment on the pleadings in favor of the authority holding that it was immune under the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§8541 and 8542.

in July 1981, plaintiffs' services as broker for the authority were terminated. Thereafter, according to an affidavit of County Detective Gergel:

"On July 23, 1981 [defendants Farrell and Schultz plus Jerome Mandell, chairman of the board's insurance committee] met with your affiant requesting an examination of what they felt to be irregular in the BTA insurance policies and premiums being handled by their broker's [sic] of record Cavan/Creasy. Their complaint was that they stated their recent premiums billed by Cavan/Creasy specifically the amounts mentioned above [for prior premium payments] were paid by the [Authority] and part of this payment went to automobile insurance which was allowed to lapse for nonpayment of premiums by Cavan/Creasy. They supplied your affiant with copies of the checks, $17,300 and $826.20 which indicated that these checks were deposited in Cavan/Creasy's checking account in the Philadelphia National Bank. The checks were dated May 5, 1981 and deposited on May 8, 1981."

Plaintiffs' counsel has taken the depositions of defendants Farrell and Schultz and has also deposed Mandell. Farrell testified in her depositions that she did not give any information to the county detectives at the only meeting that she had with them, that she was asked to go to the meeting by the detectives who had called her about receiving cancellation notices from BTA's insurance carriers, that she merely verified that the BTA had paid plaintiffs for premiums billed and that she never requested the county detectives to intervene in any matter involving insurance policies secured by plaintiffs.

Schultz testified that the only thing that he recalled about the meeting with Gergel was that the

county detective wanted him to verify that the BTA "had indeed received cancellation notices" from insurance companies on policies placed by plaintiffs. Mandell testified that he and other members of the authority were invited by the county detectives to attend the meeting with them and that he, Farrell and Schultz were the only ones that showed up. He also testified that neither Schultz nor Farrell bore any ill-will toward plaintiffs.

In short, there is nothing in the record to permit any inference that defendants had any motivation other than to make sure that the authority's insurance affairs were in good order. They appear to have responded truthfully and accurately to the county detectives' inquiries and there is no evidence that any information given by either of the two defendants was actually false or known by them to be false.

The Governmental Immunity Act, 42 Pa.C.S. §§8541-8564, provides in §8545 that employees of local agencies including any member of the governing body or an agency (see §8501) are liable for civil damages for their acts within the scope of their office only to the same extent as the agency itself. By our earlier opinion and order we held that the BTA itself was not liable and granted judgment on the pleadings in the authority's favor.

However, under §8550, in any action against the agency or its employee the official will not be immune if his act "constituted a crime, actual fraud, actual malice or willful misconduct . . . " Thus, on the instant summary judgment motion, we must determine whether there are any facts which would permit a fact-finder to conclude that Schultz or Farrell engaged in any fraudulent, malicious or willful misconduct.

We conclude that there are none.

Plaintiffs state in their brief that "[a]lthough the depositions of the county detectives were not taken in preparation for this trial, it is plaintiffs' belief that the testimony of the county detectives would support the allegations of willful misconduct on the part of individual defendants."

The bare allegation in a brief of what plaintiffs expect to prove at trial is not sufficient to defeat a motion for summary judgment. Under Pa.R.C.P. 1035, once a motion for summary judgment is made, a party may not rely on the controverted allegations in the pleadings. He must file counter-affidavits or depositions which raise a factual issue for trial. Phaff v. Gerner, 451 Pa. 146, 149-152, 303 A.2d 826 (1973); Johnston v. Pa. Bd. of Probation and Parole, 34 Pa. Commw. 113, 383 A.2d 233 (1978); and Pa.R.C.P. 1035(d), supra.

Our review of the uncontroverted pleadings, affidavits and depositions reveals no potential evidence from which a factfinder could conclude that either Farrell or Schultz acted improperly. All they did was supply a minimum amount of information to the detective concerning undisputed amounts of checks written to plaintiffs' insurance agency and undisputed information related to notices of proposed cancellations of insurance policies. They also took action to replace one insurance broker with another, an action not unheard of in these less-than-perfect days of political patronage. We see nothing in the record before us which should subject defendants to a trial for damages. Compare Ranieri v. DePolo, 65 Pa. Commw. 183, 441 A.2d 1373 (1982), and Lehr v. Riegelsville Borough, 39 Bucks Co. L. Rep. 206 (1982), and cases cited therein.

## ORDERS

And now, December 18, 1985 the motion of Charles Schultz and Eleanor Farrell for summary judgment is hereby granted and the action against said defendants is hereby dismissed.