613 A.2d 688

**Clyde McGRIFF, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD of PROBATION and PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 24, 1992.

Decided Aug. 11, 1992.

Clyde McGriff, in pro per.

K. Scott Roy, Asst. Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

BARRY, Senior Judge.

Clyde McGriff brings a petition seeking summary relief from the detainer order entered against him by the Pennsylvania Board of Probation and Parole (the Board). McGriff argues that the Board misapplied its own regulations during these proceedings, erred by admitting hearsay evidence during the detention hearing in violation of applicable regulations and the constitutional guarantee of due process, and that the detainer should be quashed. We deny the petition for summary relief.

The relevant facts of this case may be summarized as follows: On August 20, 1991, while on parole, McGriff was arrested and charged with burglary, aggravated assault, possession of instruments of crime, criminal trespass, theft and receiving stolen property. A detainer was lodged by the Board against McGriff on August 21, 1991. Following a detention hearing conducted September 20, 1991, McGriff was ordered detained pending disposition of the criminal charges against him. The detainer order listed three bases for detention: (1) "New charges serious (assaultive)", (2) "Parolee considered a threat to community", and (3) "Probable cause established". A criminal preliminary hearing was held September 30, 1991. McGriff was held for trial on charges of burglary and receiving stolen property.

Our initial inquiry, as in all cases, is the subject matter jurisdiction of this court to hear the case presented. Recently, we examined our original jurisdiction when faced

with a challenge to a detainer.[1]  *Kester v. Board of Probation and Parole*, 148 Pa.Commonwealth Ct. 29, 609 A.2d 622 (1992). There we held that the nature of the allegations of error and the relief sought in the pleading challenging the detainer determines whether the case comes within our original jurisdiction as a mandamus action or lies in the jurisdiction of the courts of common pleas as a habeas corpus action.  To come within our jurisdiction as a mandamus action, there must be an allegation that the Board has misapplied the law or has failed to hold a hearing mandated by the law.  *Davis v. Board of Probation and Parole*, 484 Pa. 157, 398 A.2d 992 (1979). Fairly read, the petition must "involve the essential allegations for mandamus—that there was a mistake in applying the law or there was a failure of the Board to act." *Bronson*, 491 Pa. at 554, 421 A.2d at 1024.  As the petition in *Kester* could not be fairly read to contain either essential allegation, we held that the petition sounded in habeas corpus and transferred the case to the court of common pleas.

■ Here, in distinction to the *Kester* petition, McGriff has alleged an error by the Board in the application of the regulations governing detainer orders.  McGriff argues that the Board violated its own regulations because it lodged its detainer on August 21, 1991, on the basis of his arrest alone. McGriff contends that this violates 37 Pa.Code § 71.3(1) because the detainer was lodged before any hearing or waiver thereof.  This allegation is the crucial distinction between *Kester* and the case presented today.  Fairly read this petition sounds in mandamus and is within our original jurisdiction.

Our standard of review when presented with a petition for summary relief is clear.  Unless the petitioner's right to relief is clear, the petition will be denied.  *Lee v. Pennsylvania Board of Probation and Parole*, 79 Pa.Commonwealth Ct. 11, 468 A.2d 876 (1983).

1. As a detainer order is not final agency action, challenges to detainers do not come within this court's appellate jurisdiction. *Bronson v. Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *certiorari denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981).

▮ We do not agree with the contention that the Board has misapplied the regulations. The relevant portions of the regulation are clear that the Board had authority to detain McGriff following his arrest.

**§ 71.3 Return for a new criminal charge.**

The following procedures shall be followed if a parolee, not already detained after appropriate hearings for other criminal charges or technical violations, has been charged with a new criminal offense:

(1) A parolee may be detained on a Board warrant pending disposition of a criminal charge following the occurrence of one of the following:

(i) A district justice has conducted a criminal preliminary hearing and concluded that there is a prima facie case against the parolee.

(ii) The parolee waives a criminal preliminary hearing and is held for court.

(iii) The parolee is convicted of a crime at a trial before a judge of the Philadelphia Municipal Court or a district justice.

(iv) An examiner conducts a detention hearing.

. . . .

(6) If an agent determines that a parolee poses a risk to the community or to self and that immediate incarceration or continued detention of the parolee is necessary, the agent shall apply to the district director for authorization to detain.

(7) If application is made under paragraph (6), the district director shall promptly grant or deny the request.

(8) If the application is granted, the parolee may be detained up to 30 days without the occurrence of one of the events enumerated in paragraph (1).

37 Pa.Code § 71.3. It is clear that McGriff could be detained as a threat to the community under Section 71.3(6)–(8) on August 21, 1991, the day following his arrest. McGriff admits that he was initially detained because of his agent's request and the district director's "concurrence with that decision." (Petitioner's brief p. 5.) A detention hearing was conducted

on September 20, 1991, within the thirty day period prescribed in Section 71.3(8). Thus, the Board did not violate the regulations.

■ McGriff argues that the Board relied upon inadmissible hearsay at the September 20, 1991 hearing. Again we disagree. In rendering its decision, the Board relied upon the testimony of McGriff's parole agent, which repeated what the agent had learned from other individuals regarding the August 20, 1991 incident, the police arrest report and the criminal complaint. Hearings following a detainer lodged pursuant to Section 71.3(6) shall be conducted in accord with 37 Pa.Code § 71.2(1)–(8). The purpose of such a hearing is to determine if there is probable cause to believe that a parole violation has been committed. 37 Pa.Code § 71.2(1)(v). McGriff claims that reliance on hearsay violates Section 71.2(16) and his constitutional due process rights because he could not cross-examine adverse witnesses, citing *Razderk v. Board of Probation and Parole,* 76 Pa.Commonwealth Ct. 176, 463 A.2d 111 (1983).

We note that Section 71.3(9) only incorporates Section 71.-2(1)–(8), not Section 71.2(16). We need not decide, however, whether or not this lack of incorporation is dispositive. McGriff has been held for court following a district justice's determination that a prima facie case exists. McGriff does not allege that his due process rights were violated at that criminal preliminary hearing. Thus, the procedural defect at the detention hearing is harmless error at best. *See Boone v. Pennsylvania Board of Probation and Parole,* 73 Pa.Commonwealth Ct. 67, 457 A.2d 229 (1983) (defect caused by parolee's inability to cross-examine adverse witnesses at detention hearing cured by properly conducted criminal preliminary hearing establishing prima facie case).

■ Finally, McGriff argues that his detention should be quashed because it violates Section 71.3(10). We interpret McGriff's argument as follows: because he was not held for trial on the assault charges, the Board cannot detain him on the "New charges serious (assaultive)" basis. It is true that the Board must consider "whether the new criminal charge

involves an alleged use of a weapon of physical assault" when determining whether to detain a parolee. 37 Pa.Code § 71.-3(10)(vii). The Board, however must also consider the risk to the community if the parolee is not detained and the seriousness of the offense charged. 37 Pa.Code § 71.3(10)(i), (v). McGriff was held for trial on charges of burglary and receiving stolen property, clearly serious offenses. Moreover, the Board listed danger to the community as a basis for the detainer. We see no error in the Board's decision to detain McGriff, and he has failed to prove a clear right to relief.

Petition for summary relief denied.

FRIEDMAN, J., dissents.

### ORDER

NOW, August 11, 1992, the Petition for Summary Relief docketed at No. 298 M.D.1991, challenging the detainer order entered by the Pennsylvania Board of Probation and Parole, on 10/24/91 is denied.