482 S.E.2d 135

**James Boyd SOUTHERN, Petitioner Below, Appellant,**

v.

**Dudley BURGESS, Warden, Southern West Virginia Regional Jail, and William C. Duncil, Warden, Huttonsville Correctional Center, Respondents Below, Appellees.**

**No. 23373.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 17, 1996.

Decided Nov. 15, 1996.

Debra Kilgore, Burton & Kilgore, Princeton, for Appellant.

Chad M. Cardinal, Assistant Attorney General, Charleston, for Appellees.

PER CURIAM:

This is an appeal [1] from a denial of a writ of habeas corpus. The appellant, James Boyd Southern, filed a petition for habeas corpus relief in the Circuit Court of Mercer County, alleging that his parole was revoked unlawfully and requesting release. The trial court found no error in the revocation proceeding and denied relief. The appellant now appeals the trial court's ruling.

I.

The history of this case begins with the appellant's conviction for murder in the first

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996 and continuing until further order of this Court.

degree and sentence to life imprisonment with mercy, on September 25, 1981. The record indicates that the appellant was released on parole on April 10, 1993. The initial release was conditioned on the appellant residing in Wheeling, West Virginia.[2] In September of 1994, the appellant was permitted to transfer his parole to Johnson City, Tennessee. The parole officer assigned to the appellant in Tennessee was named Ann Snodgrass. The record indicates that while the appellant was in Tennessee he worked odd jobs at flea markets. According to the testimony of the appellant during the parole revocation hearing, parole officer Snodgrass did not like the nature of his work, and instructed him to find more suitable employment. There was further testimony that the lease to the apartment that appellant apparently shared with another was due to expire in November, 1994. The record indicates that the appellant informed parole officer Snodgrass that when the lease expired he would not have a place to live. The appellant testified that Snodgrass informed him that she was going to make arrangements to transfer him back to West Virginia, rather than permit him to live on the streets. The appellant testified that Snodgrass called his mother, in Mercer County, and asked her if the appellant could temporarily live with her. The appellant testified that in November, 1994, Snodgrass issued him a pass to travel to Mercer County to live with his mother. According to the appellant, Snodgrass indicated that she was going to clear his transfer back to West Virginia after he left Tennessee.

The appellant returned to Mercer County in November, 1994. The appellant testified at the revocation hearing that he worked for the next three months doing vinyl siding. The appellant further testified that while he was in Mercer County, he called Snodgrass numerous times to determine whether his transfer papers had cleared, but that he could not reach her and that she did not return his phone calls. On December 14, 1994, an Interstate Compact for Rule Violations was filed against the appellant by the Interstate Compact Administrator for Parole

in the state of Tennessee. The state of Tennessee alleged that the appellant "ha[d] absconded from supervision and is believed to be in Mercer County, West Virginia[.]"

On February 27, 1995, the appellant was arrested in Mercer County for parole violation and charged with: (1) leaving his prescribed area of supervision [Tennessee] without permission; (2) changing his place of residence without notifying his parole officer; (3) failing to report to his parole officer; (4) failing to participate in the alcohol treatment program; and (5) failing to participate in a mental health counseling program. A probable cause hearing was held at the South Central Regional Jail on March 30, 1995. Thereafter, a revocation hearing was scheduled on all five charges for May 11, 1995.

Two witnesses appeared at the parole revocation hearing. The State called its parole officer, Douglas Workman, to provide evidence to support the charges against the appellant. Workman introduced, over the timely objection of appellant's counsel, State's Exhibit No. 2, the Tennessee Interstate Compact Report. Appellant's counsel argued that this exhibit was prohibited by the Parole Board's rules because it was not accompanied by an affidavit by Snodgrass attesting to its authenticity and accuracy. The objection was overruled, and the exhibit was introduced into evidence. Workman testified that he had no personal knowledge of the matters in the exhibit, nor did he have personal knowledge of facts pertaining to the charges against the appellant. After Workman testified, without objection, to essentially the contents of the objected to exhibit, the appellant testified. The appellant testified that parole officer Snodgrass authorized him to return to Mercer County, and that he worked and lived openly in Mercer County. The appellant also testified that since his arrest he was not able to locate the written pass issued by Snodgrass allowing him to return to Mercer County. At the close of the evidence, appellant's counsel argued that the charges were not proven based upon evidence required under the Parole Board's rev-

2. There was an apparent condition that the appellant not return to Mercer County, which was

his home of residence prior to the conviction and sentence.

ocation rules. The Parole Board found against the appellant and revoked his parole. Thereafter, the appellant filed a petition for a writ of habeas corpus in the Circuit Court of Mercer County. The appellant contended in his petition that the Parole Board violated its own rules relating to: (1) basing a revocation purely on hearsay, and (2) admitting into evidence an Interstate Compact Report that was not attested to by an affidavit from its alleged writer. The circuit court found that the Parole Board did not violate its rules, nor was there any arbitrary or capricious action on the part of the Board in revoking appellant's parole. This appeal followed.

## II.

Judicial review of the decision of the Parole Board is quite circumscribed. This Court simply asks whether there is some evidence in the record to support the Board's decision. The Parole Board's decision will be affirmed unless its action is flagrant, unwarranted, or unauthorized.

 We stated in Syllabus Point 1 of *Dobbs v. Wallace,* 157 W.Va. 405, 201 S.E.2d 914 (1974), that "[a] parole revocation hearing, being a critical proceeding at which the accused parolee's liberty is in jeopardy, must be conducted within the protections afforded by the state and federal constitutions." We further noted in *Conner v. Griffith,* 160 W.Va. 680, 689, 238 S.E.2d 529, 533 (1977), that "this Court has accorded substantial due process rights to ... parolees and has set, under Article III, Section 10 of the West Virginia Constitution, a standard for due process beyond that established by the United States Supreme Court in this area of the law." We have also made clear, however, "that the revocation of parole ... is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole ... revocation." *Sigman v. Whyte,* 165 W.Va. 356, 359, 268 S.E.2d 603, 605 (1980), quoting *State v. Fraley,* 163 W.Va. 542, 544, 258 S.E.2d 129, 130 (1979). The ultimate deter-

mination for this Court is whether the alleged violation of Parole Board rules, by the Parole Board, constituted a denial of due process.[3]

The first issue to be addressed is whether the Parole Board violated its rule as it relates to authenticating documents proffered as evidence. The pertinent provision in 92 CSR 13.9(d) of the Rules of the Parole Board states that:

"(d) Notwithstanding any other rule, documentary evidence may be admitted for the truth of the matters set forth in the document if:

"(1) The document was prepared by a person with direct knowledge of relevant facts and who is unable to appear to testify, providing the document is accompanied by an affidavit signed by the author attesting to the document's authenticity and accuracy."

The evidence is clear that the proffered Interstate Compact Report offered by the State at the parole revocation hearing was not accompanied by an affidavit from parole officer Snodgrass, or any Tennessee official, attesting to the authenticity and accuracy of the material therein contained. Counsel for appellant timely objected to this document as not being in compliance with the Parole Board's rules. The objection was overruled, and the document admitted into evidence. The State contends that this issue does not rise to the level of a due process violation.

 The State cites language from the United States Supreme Court's decision in *Sandin v. Conner,* 515 U.S. 472, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), wherein that court indicated "that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause." *Sandin* involved a defendant who challenged imposition of disciplinary segregation on him for misconduct. The defendant in that case argued that he had a right to present witnesses at his disciplinary hearing, and that denial of this amounted to a due process

---

**3.** The circuit court's letter denying habeas corpus relief stated the following:

"Defendant's Petition for Habeas Corpus is hereby denied.

"The Court finds that the hearing before the Parole Board for revocation of the petitioner's parole was in accordance with the Rules and Regulations of the said Parole Board and was not clearly wrong."

violation. The *Sandin* court specifically rejected the defendant's due process argument on the grounds that having the disciplinary matter on the defendant's prison record would not adversely affect his parole prospects:

> "Nor does Conner's situation present a case where the State's action will inevitably affect the duration of his sentence. Nothing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration. The decision to release a prisoner rests on a myriad of considerations.... The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause."

*Id.* The *Sandin* court took pains to point out that the technical rule violation in that case was not likely to affect the prisoner's parole prospects. The appellant in the case at hand has argued that the "technical" violation in this case did, in fact, affect his parole prospects—it terminated those prospects. In Syllabus Point 3 of *State v. Farmer*, 193 W.Va. 84, 454 S.E.2d 378 (1994), we indicated that " '[e]rrors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction.' Syl. Pt. 20, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." *See also,* Syllabus Point 5, *State ex rel. Grob v. Blair*, 158 W.Va. 647, 214 S.E.2d 330 (1975) ("Failure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt."). Assuming, without deciding, that the instant error rose to the level of a due process issue,[4] we have absolutely no doubt that this error was harmless and did not contribute to the appellant's parole revocation.[5] *See, Carlton v. Keohane*, 691 F.2d 992 (11th Cir.1982) (failure of parole commission to abide by statutory time limit for review of detainers was not done in bad faith to warrant habeas relief); *Bradley v. Fairfax*, 634 F.2d 1126 (8th Cir.1980) (holding that disclosure of grand jury materials to parole commission was harmless error); *Northington v. U.S. Parole Com'n*, 587 F.2d 2 (6th Cir.1978) (holding that no prejudice to the defendant arose from a delay in holding his parole revocation hearing twenty-four hours beyond the ninety-day limit); *In re Shapiro*, 122 Cal.Rptr. 768, 14 Cal.3d 711, 537 P.2d 888 (1975) (holding that denial of a pre-revocation parole violation hearing harmless beyond a reasonable doubt); *Bennett v. Ridley*, 633 A.2d 824 (D.C.App.1993) (holding that any error in parole board not following its rules regarding notice of hearing was harmless); *McGriff v. Board of Probation and Parole*, 149 Pa.Cmwlth. 638, 613 A.2d 688 (1992) (holding that any reliance by the parole board on inadmissible hearsay did not violate due process). The record in this case reveals that the information contained in the document objected to by the appellant during the parole revocation hearing was also testified to by parole officer Workman. The appellant failed to object to the testimony of parole officer Workman. "An error in the admission of evidence not objected to by the defendant is deemed waived by him." Sylla-

**4.** We indicated in Syllabus Point 3 of *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990) that:

> " ' 'Where improper evidence of a nonconstitutional nature is introduced by the State in a criminal trial, the test to determine if the error is harmless is: (1) the inadmissible evidence must be removed from the State's case and a determination made as to whether the remaining evidence is sufficient to convince impartial minds of the defendant's guilt beyond a reasonable doubt; (2) if the remaining evidence is found to be insufficient, the error is not harmless; (3) if the remaining evidence is sufficient to support the conviction, an analysis must then be made to determine whether the error had any prejudicial effect on the jury.' Sylla-

bus Point 2, *State v. Atkins*, 163 W.Va. 502, 261 S.E.2d 55 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1081, 63 L.Ed.2d 320 (1980)'; Syl. Pt. 3, *State v. Maynard*, 183 W.Va. 1, 393 S.E.2d 221 (1990) (quoting Syl. Pt. 6, *State v. Smith*, 178 W.Va. 104, 358 S.E.2d 188 (1987))."

Assuming that the assigned error was of a nonconstitutional nature, we find it to be harmless error for the reasons stated in the main body of the text.

**5.** Although we find that the error, if any, is harmless in this case, we emphasize that the Parole Board is obligated to follow its own rules and regulations. *See* Syllabus Point 1, *Powell v. Brown*, 160 W.Va. 723, 238 S.E.2d 220 (1977).

bus Point 10, *State v. Bragg,* 140 W.Va. 585, 87 S.E.2d 689 (1955). Therefore, absent the document objected to because it was not properly authenticated, the substantive matter contained therein was still presented to the Parole Board through the unobjected to testimony of parole officer Workman.

The second issue raised by the appellant is that his parole was revoked on hearsay alone,[6] in violation of 92 CSR 13.9(f), which provides in pertinent part:

"(f) Proof of a charge cannot be hearsay alone. If hearsay evidence ... is offered by the Officer as proof of a violation of a condition of parole, the Officer must offer some evidence, either direct or circumstantial of the charge."

We are not convinced by the appellant that hearsay alone was used to revoke his parole. The state correctly points out that the appellant's admission that he returned to Mercer County was, in and of itself, nonhearsay evidence of the appellant's violation of his terms of parole. " 'A statement is not hearsay if the statement is offered against a party and is his own statement, in either his individual or a representative capacity.' Syllabus Point 1, *Heydinger v. Adkins,* 178 W.Va. 463, 360 S.E.2d 240 (1987)." Syllabus Point 2, *State v. Delaney,* 187 W.Va. 212, 417 S.E.2d 903 (1992). The record clearly shows that the appellant, in testifying at the parole revocation hearing, provided admissions of violations of his terms of parole, such that, even if we agreed that only hearsay evidence was adduced at the hearing by the State, nonhearsay evidence was sufficiently provided by the appellant.

Judgment affirmed.

RECHT, Judge, sitting by temporary assignment.

---

6. We point out that:

" 'Generally, out-of-court statements made by someone other than the declarant while testifying are not admissible unless: 1) the statement is not being offered for the truth of the matter asserted, but for some other purpose such as motive, intent, state-of-mind, identification or reasonableness of the party's action; 2) the statement is not hearsay under the rules [exemptions under Rule 801(d) ]; or 3) the statement is hearsay but falls within an exception provided for in the rules [exceptions under Rules 803 and 804].' Syllabus Point 1, *State v. Maynard,* 183 W.Va. 1, 393 S.E.2d 221 (1990)." Syllabus Point 5, *State v. Mason,* 194 W.Va. 221, 460 S.E.2d 36 (1995).