IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Luis Reyes,                          :
                    Petitioner             :
                                           :
        v.                                 :    No. 638 M.D. 2020
                                           :    Submitted: March 25, 2022
Pennsylvania Parole Board,                 :
                    Respondent             :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                      FILED: May 31, 2022


        Petitioner Ramon Luis Reyes (Reyes), an inmate currently incarcerated in
federal prison, has filed an action in our original jurisdiction that he has titled a
"Motion in Abstentia [sic] Concerning Parole Violation" (Violation Motion).
Through this Violation Motion, Reyes requests that we either dismiss state-level
parole violation charges lodged against him by Respondent Pennsylvania Parole
Board (Board) or, in the alternative, that we order the Board to move forward with
adjudicating those charges. In response, the Board has filed preliminary objections
and seeks dismissal of the Violation Motion. After thorough review, we overrule the
Board's preliminary objections in part, sustain them in part, and dismiss Reyes'
Violation Motion in part.

## I. Background

        The relevant facts in this matter, as averred by Reyes, are as follows: On May
10, 2010, Reyes was paroled on a 30- to 120-month state-level sentence, which the
Court of Common Pleas of Lehigh County had imposed upon Reyes in March 2008

after he pled guilty to a single count of possession with intent to deliver. Violation Mot. at 1.[1] Reyes was subsequently arrested by Pennsylvania State Police troopers on July 14, 2012, and was charged with two counts of driving under the influence and one count of driving with a blood-alcohol content level of .02 or greater on a suspended license. *Id.* at 2. Thereafter, on August 10, 2012, Reyes was arrested by federal authorities "on [f]ederal drug charges." *Id.* at 2. On April 29, 2015, Reyes pled guilty in the Court of Common Pleas of Luzerne County to the state charges stemming from his July 2012 arrest and was sentenced to 30 days to 6 months of incarceration. *Id.* Reyes was subsequently sentenced in federal court on September 27, 2016, regarding the aforementioned "[f]ederal drug charges" to 240 months in federal prison. *Id.* The Board then issued a detainer warrant for Reyes on November 30, 2016. *Id.*

Roughly four years passed before Reyes filed his Violation Motion on November 23, 2020. Therein, Reyes states that he has been in the custody of the Federal Bureau of Prisons (BOP) since being sentenced on the aforementioned federal drug charges and is currently incarcerated at the Federal Correctional Complex in Coleman, Florida. *Id.* at 2-3. According to Reyes, the Board has been consistently aware of his location and status, but has declined to hold a revocation hearing regarding the parole violations that had resulted from his two 2012 arrests, despite Reyes' formal requests to the Board that it expeditiously hold that hearing. *Id.* at 2, 5-7. Rather, the Board has informed him that it considers him to be

---

[1] Reyes did not consistently number the paragraphs in his Violation Motion, so we elect to cite to that document by referencing its page numbers. In addition, we note that Reyes did not provide a great deal of information about the criminal cases he references in his Violation Motion. *See* Violation Mot. at 1-2. Accordingly, we have chosen to fill in some of these informational gaps by taking judicial notice of the particulars of his state-level criminal cases, which can be found under docket numbers CP-39-CR-0002607-2007 and CP-40-CR-0002878-2012, as permitted by law. *See, e.g.*, Pa. R.E. 201(b)(2); *Doxsey v. Com.*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996).

2

unavailable, due to his incarceration in federal prison, but will adjudicate his parole violations after the BOP notifies it that Reyes is available. *Id.* at 6. Reyes claims that the Board's outstanding detainer has prevented him from being released to serve his federal sentence through home confinement, as the BOP would otherwise be allowed to do in light of Reyes' medical history and consequent susceptibility to contracting COVID-19 in federal prison. *Id.* at 7-9. In light of this, as well as the long time period that has elapsed between his parole violations, the Board's issuance of its detainer warrant, and the current day, Reyes asserts two claims.[2] First, the Board has unlawfully failed to hold his parole revocation hearing in a timely manner.[3] *Id.* at 4-6, 10. Second, the Board has contravened the Interstate Agreement on Detainers (Detainer Agreement) by failing to use the procedure established by the Detainer Agreement to retrieve him from federal custody and then adjudicate his parole violation charges.[4] *Id.* at 7, 10. Accordingly, Reyes requests that we either dismiss

---

[2] Reyes does not separate his legal claims into separate counts, but instead sprinkles them throughout his Violation Motion.

[3] Reyes also maintains that the Board has violated his due process rights, but, in context, this argument is but a component of his hearing timeliness claim. *See* Violation Mot. at 4-6, 10.

[4]     The . . . [Detainer] Agreement . . . , codified in Pennsylvania at 42 Pa. [C.S.] §[§] 9101[-9108], is a compact among 48 [s]tates, the District of Columbia, and the United States. Initially drafted by the Council of State Governments in 1956 and included in the Council's Suggested State Legislation Program for 1957, the Detainer Agreement establishes procedures by which one jurisdiction may obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing that prisoner to trial. . . . [T]he Detainer Agreement establishes procedures under which a prisoner may initiate his transfer to the receiving [s]tate and procedures that ensure protection of the prisoner's speedy trial rights.

*Cuyler v. Adams*, 449 U.S. 433, 436 (1981).

the charges that arose from the aforementioned parole violations or, in the alternative, compel the Board to swiftly adjudicate those charges. *Id.* at 10.

In response to Reyes' Violation Motion, the Board has elected to file the aforementioned preliminary objections. Both parties have submitted briefs in support of their respective positions and, as such, this matter is now ready for our consideration.

## II. Discussion

The Board presents us with a two-pronged argument for why, in its estimation, we should sustain its preliminary objections and dismiss the Violation Motion.[5] First, the Board asserts that we lack original jurisdiction over this matter, because the Violation Motion is effectively a motion for *habeas corpus* and contains no other claims that would allow this Court to exert jurisdiction over Reyes' request for *habeas* relief on an ancillary basis. Board's Br. at 6-9. Second, in the alternative, the Board demurs to the Violation Motion, on the basis that Reyes cannot secure the mandamus relief he seeks. In doing so, the Board contends that it was legally permitted to place a detainer upon Reyes, as well as that its obligation to hold a revocation hearing is deferred until after Reyes is released from federal prison. *Id.* at 9-11.

---

[5] In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts. *Key v. Pa. Dep't of Corr.*, 185 A.3d 421 (Pa. Cmwlth. 2018). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id.* For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id.* Any doubt must be resolved in favor of the non-moving party. *Id.*

*Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019).

4

With regard to the Board's first argument, the scope of our jurisdiction is statutorily defined through Section 761 of the Judicial Code, which reads as follows, in relevant part:

> (a) General rule.--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
>> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>>
>>> (i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;
>>
>> . . . .
>>
>> (4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.
>
> . . . .
>
> (c) Ancillary matters.--The Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa. C.S. § 761(a), (c).

Here, Reyes challenges the Board's handling of the detainer it placed upon him. When dealing with cases like this one,

> the nature of the allegations of error and the relief sought in the pleading challenging the detainer determines

5

> whether the case comes within our original jurisdiction as a mandamus action or lies in the jurisdiction of the courts of common pleas as a *habeas corpus* action. To come within our jurisdiction as a mandamus action, there must be an allegation that the Board has misapplied the law or has failed to hold a hearing mandated by the law. . . . Fairly read, the [pleading] must involve the essential allegations for mandamus[, *i.e.*,] that there was a mistake in applying the law or there was a failure of the Board to act.

*McGriff v. Pa. Bd. of Prob. & Parole*, 613 A.2d 688, 689 (Pa. Cmwlth. 1992) (internal citations and quotation marks omitted).[6]

Upon review of Reyes' Violation Motion, we conclude that he had pled facts sufficient to trigger our original jurisdiction. This is for two reasons. First, though his arguments are somewhat jumbled, it is clear that Reyes argues that relief is warranted due to the Board's putative failure to hold his parole revocation hearing within the legally required 120-day time window. *See* Violation Mot. at 4-6, 10.[7]

---

[6] "As a detainer order is not final agency action, challenges to detainers do not come within this court's appellate jurisdiction." *McGriff*, 613 A.2d at 689 n.1.

[7] "There is no question that one of the minimal due process rights to which parolees are entitled is the disposition of their parole violation charges within a reasonable time. . . . By administrative regulation, the Board has determined 120 days to constitute a reasonable time in which it must dispose of parole violation charges." *Carr v. Pa. Bd. of Prob. & Parole*, 494 A.2d 1174, 1176-77 (Pa. Cmwlth. 1985) (internal citation omitted). Per the Board's regulations, "[a parole] revocation hearing shall be held within 120 days from the date [it] receive[s] official verification of the [accused violator's] plea of guilty or *nolo contendere* or of the guilty verdict at the highest trial court level[.]" 37 Pa. Code § 71.4(1). In certain instances, however, this deadline is determined in a slightly different manner. First,

> [i]f a parolee is confined outside the jurisdiction of the [Pennsylvania] Department of Corrections, such as confinement out-of-[s]tate, confinement in a [f]ederal correctional institution[,] or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, . . . 314 A.2d 842 ([Pa.] 1973), the revocation hearing shall be held within

**(Footnote continued on next page…)**

6

Second, Reyes maintains that the Board did not comply with the responsibilities allegedly imposed upon it by Detainer Agreement, by virtue of not compelling the federal government to transfer him to the Board's custody so that his parole violation charges could be adjudicated. *See id.* at 7, 10. Therefore, as Reyes alleges that the Board has failed to act in compliance with the nondiscretionary duties imposed upon it by law, his claims sound in mandamus and consequently fall within the scope of our original jurisdiction. *McGriff*, 613 A.2d at 689.

Turning to the Board's second argument, our reading of the Violation Motion differs slightly from that put forth by the Board. In our view, Reyes does not challenge whether the Board could place a detainer upon him; rather, he only challenges the Board's failure to subsequently dispose of the underlying parole violation charges in the manner he believes is required by law. *See* Violation Mot. at 3-10. Accordingly, that is the frame in which we assess the legal sufficiency of Reyes' request for mandamus relief.

> Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant and want of any other adequate remedy at law. . . . Where the action sought to be compelled is discretionary, mandamus will not lie to control that discretionary act, . . . but courts will review the exercise of the actor's discretion where it is arbitrary or fraudulently exercised or is based upon a mistaken view of the law.

---

120 days of the official verification of the return of the parolee to a [s]tate correctional facility.

*Id.* § 71.4(1)(i). Second, "[a] parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver." *Id.* § 71.4(1)(ii).

*Allegheny Cnty. v. Com.*, 490 A.2d 402, 408-09 (Pa. 1985) (internal citations omitted). With regard to the timing of parole revocation hearings, and as already noted above,

> [i]f a parolee is confined outside the jurisdiction of the [Pennsylvania] Department of Corrections, such as confinement out-of-[s]tate, confinement in a [f]ederal correctional institution[,] or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, . . . 314 A.2d 842 ([Pa.] 1973), the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a [s]tate correctional facility.

37 Pa. Code § 71.4(1)(i). Furthermore,

> [i]f the parolee is . . . in Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth.
>
> . . . .
>
> In determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:
>
> > (1) The unavailability of a parolee or counsel.

37 Pa. Code § 71.5(a)-(c)(1).

> Thus, under the [Board's] regulations, when a parolee is in federal custody, confined in a federal facility, or is otherwise unavailable, the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a [state correctional institution,] regardless of when the Board received official verification of a parolee's new conviction.

*Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017). Given this, the Board need not hold Reyes' parole revocation hearing until he has

returned to the Board's custody. Accordingly, Reyes does not have a clear right to relief regarding the timing of his parole revocation hearing and, therefore, cannot state a viable mandamus claim regarding that issue.

### III. Conclusion

In light of the foregoing, we overrule the Board's preliminary objection to our jurisdiction over this matter. In addition, we sustain the Board's demurrer and dismiss the Violation Motion in part, as to Reyes' claims that the Board's failure to hold a parole revocation hearing thus far has violated his right to have that hearing in a timely fashion. Furthermore, because the Board elected not to challenge Reyes' assertion that this failure contravened the requirements of the Detainer Agreement, we are constrained to allow Reyes' Violation Motion to proceed on the limited basis of that claim.

_____
ELLEN CEISLER, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Luis Reyes,                      :
                    Petitioner         :
                                       :
        v.                             :     No. 638 M.D. 2020
                                       :
Pennsylvania Parole Board,             :
                    Respondent         :

# O R D E R

AND NOW, this 31st day of May, 2022, it is hereby ORDERED:

1.      Respondent Pennsylvania Parole Board's (Board) preliminary objection to Petitioner Ramon Luis Reyes' (Reyes) "Motion in Abstentia [sic] Concerning Parole Violation" (Violation Motion), through which the Board asserts that this Court lacks original jurisdiction to consider the Violation Motion, is OVERRULED;

2.      The Board's preliminary objection, through which it demurs to the Violation Motion, is SUSTAINED;

3.      The Violation Motion is DISMISSED IN PART, to the extent that Reyes has stated a claim therein that the Board's failure thus far to hold a revocation hearing regarding his outstanding parole violation charges has violated his right to have that hearing in a timely fashion;

4.      The Board shall file an answer that responds to the remaining portions of Reyes' Violation Motion within 30 days.

                                    _____
                                    ELLEN CEISLER, Judge